GEORGE W. CARMANY, PLAINTIFF, DEFENDANT IN
ERROR, v. WEST JERSEY AND SEASHORE RAILROAD
COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

JOSEPH T. PHISTER, PLAINTIFF, DEFENDANT IN ERROR,
v. WEST JERSEY AND SEASHORE RAILROAD COM-
PANY, DEFENDANT, PLAINTIFF IN ERROR.

Argued June 30, 1909—Decided November 15, 1909.

1. The plaintiff, while driving along a public highway, saw a shift-
ing engine coming out of the railroad yards. He stopped his
horse and the engineer stopped his engine. The plaintiff, sup-
posing that the engine would remain stationary, started to cross
in front; just as he got in front the engine started, he turned
his horse, pulled by the engine and tried to get behind it; the
carriage skidded and struck the curb. The plaintiff was thrown
out and injured. Held—
(1) Although the railroad company may have had superior
rights upon the highway, the streets having been dedicated with
the tracks delineated upon it, still it was the duty of the com-
pany to use reasonable care that the public in lawful use of the
same were not injured; that the engineer should have waited
until the plaintiff was safely across or have given some warning
that he intended to start.
(2) That the plaintiff was not guilty of contributory negligence.
2. A specific request to charge should be submitted to the trial judge
at or before the close of the evidence, and before the beginning
of the argument.
3. It is not error for a trial judge to refuse to enlarge upon some-
thing he has already said in his charge to the jury, or to explain
the meaning of an expression used by him.

On error to the Supreme Court.

For the plaintiff in error, *Bourgeois & Sooy.*

For the defendant in error, *Thompson & Cole.*

The opinion of the court was delivered by

VROOM, J.   Both of these suits were brought against the
railroad company to recover damages arising out of the same

accident in Atlantic City. The cases were tried together, and in each a verdict was rendered for the plaintiff.

On the 21st of April, 1907, Carmany, who had been out driving, left his home on South Tennessee avenue, intending to go to the stable on South Carolina avenue, when he met Phister and asked him to get in and drive around to the stable. They drove through several streets and came on to Atlantic avenue, and driving along the north side until they came in front of the Bartlett Building, they saw a shifting engine coming out of the yard of the railroad company. Carmany stopped his horse, and as he stopped, the engineer, who he says saw him, stopped the engine. After it stopped, Carmany, supposing it would remain stationary, started to cross in front of the engine, and as he got right to the engine it started again, whereupon Carmany, seeing that he could not cross then, and in order to avoid being run down, and finding that he could not turn up North Carolina avenue, turned his horse, which had become frightened, and pulled by the engine and tried to get in back of it; as he did that the carriage skidded and struck the curb and both Carmany and Phister were thrown out and severely injured. This was the case made by the plaintiffs; neither the engineer or fireman of the engine was called to controvert the statements of the plaintiffs, nor was any evidence produced to contradict this testimony.

The assignments of error relied upon were: That the trial judge refused to direct a verdict in favor of the defendant; that he refused to charge the jury as to what the duty is that the company owed to the people on the highway; and, that he refused to charge the request of the defendant as requested, viz., that Carmany was guilty of contributory negligence in attempting to cross in front of the engine.

The first assignment, that the court refused to direct a verdict for the defendant was error, was predicated upon the idea that the railroad company had a prior right to its tracks where they enter upon Atlantic avenue, and that the dedication of Atlantic avenue, with the railroad track delineated, was subject to the railroad company's rights to operate its trains on said avenue.

Admitting that the rights of the railroad company are superior to those of the public at the point in question, they did not give to the company the right to block the street indefinitely, and as the public was using the highway, it was the duty of the company to use reasonable care to see that those in the lawful use of the same were not injured. And, as was urged by the defendants in error, no matter what the rights of the railroad company might have been, if the engine was at a standstill, it was plainly the duty of the engineer to wait until they were safely across, or, at least, to give some warning that he intended to start the engine. The refusal of the court to direct a verdict for the defendant was correct.

For the reasons already stated, the trial judge properly refused to charge the jury that the plaintiffs were guilty of contributory negligence.

The last assignment of error was that the trial judge refused to charge the jury as to what the duty is that the company owed to the people on the highway. The court charged the jury as follows: "The engine of the defendant company, at the time of this accident, while upon Atlantic avenue, was upon land included in its right of way, as part of its charter from the state. The dedication of Atlantic avenue to public use was subsequent to the grant of the right of way of the railroad company. The right of way thereupon of the railroad company was superior to that of this plaintiff and the public while it was in the use of that portion of the avenue. But the plaintiff and the public also had a right to use this highway, and while the right of the railroad company was superior, it was the duty of the railroad company in using its right of way upon that avenue to use it with due regard to the rights of other people lawfully upon the highway."

Now, it will be observed that the court did practically charge in accordance with the request of the defendant that the railroad company's rights on the avenue are superior to plaintiff's rights; at the close of the charge, counsel requested the trial judge to enlarge upon the charge and say what he meant "by the due regard to the rights of the public lawfully upon the highway." This the trial court refused to do. This re-

fusal is certainly not a ground upon which an assignment of error can be rested. If counsel was of the opinion that the rights of the railroad in this case were so peculiar as to require a specific charge, a specific request should have been submitted in proper time, which would have been at or before the close of the evidence, and before the beginning of the argument. *Dunne* v. *Jersey City Galvanizing Co.,* 44 *Vroom* 586; *Blash. Inst. Jur.,* § 134. The court may be required to charge or refuse a certain request containing a legal proposition, if it is relevant; but a trial judge cannot be required by counsel to enlarge upon something which he has already said to the jury, or to explain the meaning of a particular expression used by him. This he may do if he so chooses, but his refusal is not error.

The judgment below should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 14.

*For reversal*—None.