FRED E. LILLY, Respondent, v. ELM POINT MINING COM-
PANY, a Corporation, Appellant.

(178 N. W. 128.)

**Damages — four thousand dollars for serious and painful injury and frac-
ture of a lower rib held not excessive.**

1. This is a personal-injury suit, in which the plaintiff recovered a verdict
for $4,000. It is not excessive.

**Master and servant — injury from order to work in dangerous place action-
able.**

2. By direction of defendant, the plaintiff tried to work in a dangerous place
on a trestle, where he had to stand on a narrow rail. He lost his balance, fell,
fractured a rib, and was severely injured.

Opinion filed May 1, 1920. Rehearing denied June 4, 1920.

Appeal from the District Court of McLean County, Honorable *J. A.
Coffey*, Judge.

Affirmed.

*Hanchett & Johnson*, for appellant.

Prior and remote cause cannot be made the basis of an action if such
remote cause did nothing more than furnish the condition or give rise
to the occasion by which the injury was made possible. Cavanaugh v.
Centerville Block Coal Co. (Iowa) 109 N. W. 303.

A servant may sustain a dual relation towards the other servants in
that he is vice principal as to those duties delegated to him for the due
performance of which the master cannot relieve himself from liability,
while he is a mere fellow servant, in reference to those acts in the per-
formance of the work not within the personal duties of the master.
Lindvall v. Woods (Minn.) 48 N. W. 1032; Callan v. Bull (Cal.) 63
Pac. 1017; Maat v. Kern (Or.) 34 Pac. 230; Martin v. A. T. & S. R.
Co. 166 U. S. 299, 41 L. ed. 1051; Cavanaugh v. Centerville Block
Coal Co. (Iowa) 109 N. W. 303.

*Edward T. Burke*, for respondent.

NOTE.—Authorities discussing the question of the excessiveness of verdicts for
personal injuries not resulting in death are collated in a note in L.R.A.1915F, 30.

ROBINSON, J. This is a personal-injury suit in which the plaintiff recovered a verdict for nearly $4,000. In November, 1917, defendant owned and operated a coal mine in McLean county. It is a side-hill mine, from which the coal is taken by small cars running on a horizontal track of wooden rails. The rails were about 2 feet apart and were on the level ground and on a dump of mine slack, and then, for about 20 feet, on a trestlework. The rails laid on the trestle were about 6 feet above the ground. There was no flooring between the rails or on the outer edge of the rails. The mine was operated by filling small cars with coal, then pushing or pulling them to the outer end of the rails, and dumping the coal into a chute or wagon. The plaintiff was in the employ of defendant, and, on the day of the accident, he and the superintendent pushed out a car of coal to the end of the track. Then, as the guage of the car was a little too narrow, the right front wheel of the car fell down between the tracks. The superintendent ordered the plaintiff to go forward and replace the wheel. The plaintiff went forward, stood on the narrow track or rail, and attempted to lift the same, but could not do it because the flange of the wheel was caught on the track. Then he stepped across onto the other track or rail and pulled on the left front wheel, and then the right hind wheel fell between the tracks. As the plaintiff stood on a narrow rail and had to balance himself by holding onto the car, and as there was no footing between the rails, the lurch of the car threw him on his back across the track on the right side of the car. He fell down the chute. His lower rib was fractured, and he was badly injured and disabled. He suffered much pain, some expense in doctoring, and the impairment of his working capacity, and so the jury assessed his damages at $4,000; and, though the damage appears rather excessive, that is not sufficient cause for disturbing the verdict. It is quite probable the plaintiff would have settled for half the sum if he could have obtained it without incurring the future expense of an action and an appeal to this court. Where a party has to recover his damages at the end of a lawsuit, the expense is always a matter of some consideration.

The law is simple:

One who, for a good consideration, promises to serve another must perform the service, and must use ordinary care and diligence therein. Comp. Laws § 6112.

An employee must substantially comply with the directions of his employer concerning the services in which he is engaged. Comp. Laws § 6115.

An employer is not bound to indemnify his employee for losses suffered in consequence of the ordinary risks of the business. Comp. Laws § 6107.

An employer must, in all cases, indemnify his employee for losses caused by the former's want of ordinary care. Comp. Laws, § 6108.

Much is said concerning the proximate cause of the accident, and it is true that the first wheel falling from the track did no injury to any person. It was merely the remote cause of the accident. The proximate cause was the direct result of an attempt to replace the wheel upon the track, and in making the attempt the plaintiff acted under the direct orders of the superintendent and manager of the mine. The plaintiff stood on a narrow track, lifting a corner of the car and holding onto it for support, when the car gave a lurch and the plaintiff was thrown over because there was no footing between the tracks. If there had been some flooring between the tracks, as there should have been, then plaintiff's left foot would have automatically moved to the left and onto the flooring, and that would have steadied him and prevented his falling. In trying to adjust the car and replace it on the track, the plaintiff had a right to obey and trust the orders of the superintendent who stood over him. The superintendent had no right to order, or even permit, him to do what was dangerous, or to work in an unsafe place. For the fault of its superintendent and manager, the defendant must answer in damages according to the verdict of the jury.

Affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, J., concur.

GRACE and BRONSON, JJ., concur in the result.

CHRISTIANSON, Ch. J. (concurring). The contention of the appellant is: (1) That its motion for a directed verdict should have been granted; (2) that the court erred in its instructions; and (3) that the verdict is excessive.

In my opinion the questions of negligence, contributory negligence,

and proximate cause were for, and properly submitted to, the jury. I find no prejudicial error in the instructions; and I do not believe that the verdict can be said to be excessive as a matter of law. Hence, I concur in an affirmance.

PER CURIAM (upon petition for rehearing). The appellant contends that the place where the plaintiff was hurt was purposely left without flooring and open for the reason that it was the place where coal was dumped into a chute; that it was, therefore, not negligence to have no flooring between the rails. It is furthermore urged that this court did not pass upon all of the specifications of error raised in the record, and that particularly the trial court erred in instructing the jury that the defendant admitted that the plaintiff was employed by the defendant at its mine.

The record again has been reviewed. The plaintiff was inexperienced; he was injured on the very first day when he was directed by the superintendent to take coal out of the mine by means of a coal car. Upon the record the questions of the negligence of the defendant in instructing and in directing the plaintiff to work in the place where he was injured, under the conditions then existing, both with respect to the car and the place where he stood, as well as the contributory negligence of the plaintiff in so doing, were fairly questions of fact for the jury. The complaint alleges that the defendant employed the plaintiff. The answer alleges that the defendant was the equitable owner and in possssion of the coal mine, and that the plaintiff was there employed. The evidence shows that the plaintiff was employed by the superintendent of such mine. There is no evidence to disprove these allegations of both the complaint and the answer, or that the possession and control of the mine was in any other person than the defendant. The other instructions upon which error is predicated concern want of ordinary and proper care on the part of the plaintiff, and the award of damages for permanent injuries. These instructions, upon the record were properly given. The petition for rehearing is denied.