HALLIE BOYD v. WILLIAM HUSTED.

MARY ETTA BOYD v. WILLIAM HUSTED.

Decided February 19, 1925.

**Negligence—Motor Vehicle Collision—Evidence Examined and Verdict Not Found Against Its Weight—Verdict Not Excessive—Selecting Jury—Court Refused to Defendant Leave to Ask the Twelve Jurors, Before Being Sworn, Two Omnibus Questions, Sustained—Right Conferred by Statute is the Questioning of Single Juror—Questions Asked, Held, Not to Have Been Justified by Statute—Granting a Continuance, Matter Within Sound Discretion of Court, Not Abused in This Instance.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *William E. Holmwood.*

*Contra, George B. Marshall.*

PER CURIAM.

Each of these suits was brought to recover compensation for personal injuries received by the respective plaintiffs. In the first suit compensation was also sought for damage done to an automobile owned by Hallie Boyd. The injuries and damage alleged were received in a collision between an automobile belonging to Hallie Boyd, in which both of the plaintiffs were riding, and a car belonging to the defendant, Husted. The collision occurred at the intersection of two roads in Gloucester county. The two cases were tried together, and the trial resulted in verdicts in favor of the plaintiffs. Upon application of the defendant, each of the rules now before us was allowed. The first ground upon which we are

asked to set these verdicts aside is that they are, each of them, against the weight of the evidence, being necessarily based upon a finding of the jury that the collision occurred solely by reason of the carelessness of the driver of the defendant's car. Our examination of the proofs returned with the rules satisfies us that the jury was justified in so finding, and that the verdicts should not be interfered with for this reason.

The next ground for making these rules absolute is that each of the verdicts, as the defendant contends, is excessive. We do not think the contention is justified by the fact. The award to Hallie Boyd was $1,250, and that to Mary E. Boyd was $2,500. The jury was justified in finding that Hallie Boyd was quite seriously hurt; that she suffered, not only from bruises which were the direct result of the collision, but also from shock, which so affected her nervous condition that she has not yet recovered therefrom. She was confined to her bed for a week after the accident, and was compelled to spend about $185 in having her car repaired. As to Mary E. Boyd, the jury was justified in finding that she received a severe cut upon the head, leaving an ugly scar as the result thereof, and that the head injury has caused persistent headaches, from which she still suffers. Se was confined to her bed for four weeks and was compelled to spend $158 for medical attendance and nursing.

The next contention is that the trial judge improperly refused to permit the defendant to ask the twelve jurors, after they had been drawn and taken their places in the jury-box, but before any of them had been sworn, whether any of them had been sitting on any case that had been tried during the term with Miss Hallie Boyd, who was a member of the general panel, and also whether any of them was acquainted with Mr. Marshall, the attorney of the plaintiffs, or had had business dealings with his office. It is argued that the right to question jurors in the manner indicated is conferred upon a party to a litigation by section 23 of "An act concerning jurors," passed in 1911. *Comp. Stat. Supp.*, p. 841. But, in our opinion, the section appealed to has not the scope attributed to it. It provides that "either party, or his attorney,

may question any juror, after his name is drawn from the box and before such juror is sworn, for the purpose of eliciting information upon which he may determine whether or not to interpose a peremptory challenge. Within the discretion and under the control of the court, such questions shall be permitted for the purpose of disclosing whether or not the juror is impartial as between the parties to the suit and without interest therein or in result thereof." The right conferred by the statute is the questioning of a single juror, and this must be done separately, if the right is desired to be exercised with reference to more than one, for the purpose of eliciting from the member of the panel who is questioned the matters referred to in the statute. It does not authorize an omnibus examination of all of the twelve men whose names have been previously drawn from the general panel. For this reason, the ruling of the trial court was entirely proper. We may add that neither of the questions which were the subject of the ruling was justified by the statute. Only those questions are permitted which tend to disclose whether or not a juror is impartial as between the parties to the suit and without interest in the suit or in its result. The fact, if it existed, that one or more of the twelve men whose names were drawn had been sitting on any case in which Miss Hallie Boyd acted as a juror, had no tendency to show a lack of impartiality of such juror as between the parties to the suit. And this is equally true as to the fact that some of the members of the jury were acquainted with counsel for the plaintiffs or had had business dealings with his office.

The only other ground upon which we are asked to set these verdicts aside is that this court erroneously refused to grant a continuance of the causes until a later time, because of the fact that Miss Hallie Boyd was a member of the then present panel. The granting or refusing of such an application is a matter within the discretion of the trial court, and we cannot say that this discretion was abused by the refusal to grant the continuance. On the contrary, in our opinion, the action of the trial judge in this respect was entirely proper.

The rules to show cause will be discharged.