HAROLD THOMPSON ET AL., PLAINTIFFS, v. LIONEL W. LANCASTER, DEFENDANT.

Decided January 14, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Lester C. Leonard.*

*Contra, Theodore J. Labrecque.*

PER CURIAM.

This suit was brought by a boy thirteen years old to recover compensation for injuries received by him through being struck by an automobile driven by the defendant, while this plaintiff was riding his bicycle along Front street, in the town of Red Bank. The mother joined as a plaintiff to recover compensation for the expenses to which she has been put because of her son's injuries, and the loss of the boy's wages as a caddie on the golf course adjacent to Red Bank. The trial resulted in a verdict in favor of both plaintiffs, the jury awarding the boy $200 and his mother $500.

The first contention made on behalf of the defendant is that the verdict is contrary to the evidence, so far as the question of the negligence of the defendant is concerned; and also on the finding of lack of contributory negligence on the part of the boy. In our opinion, the testimony submitted at the trial justified the jury in their finding on both of these matters.

It is further claimed that the award to the mother is excessive. We find nothing in the proofs to justify this contention.

Lastly, it is contended that the court erred in refusing to charge the jury that "the defendant in this action had a right to assume that all those traveling on the highway would travel thereon in accordance with the requirements of the

Traffic act of this state;" this instruction being requested by the defendant.

Our examination of the record discloses no refusal to charge this request, but assuming the failure to do so is tantamount to a refusal, such refusal was justified for the reason that the request contained no recital of any provision of the Traffic act to which defendant desired the court to direct the jury's attention. When counsel desires an instruction to the jury as to the effect of a statutory provision, the request should recite the very provision of the statute to which counsel desires the attention of the jury to be directed.

For the reasons indicated, we conclude that the rule to show cause should be discharged.