AGNES TIERNAN AND EDWARD TIERNAN, RESPONDENTS,
v. B. & S. MOTOR SERVICE, INCORPORATED, APPEL-
LANT.

Submitted October 16, 1931—Decided February 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the respondents, *Schneider & Schneider* (*Jacob Schnei-
der,* of counsel).

For the appellant, *Green & Green* (*David Green,* of
counsel).

PER CURIAM.

This is an appeal by the defendant-appellant from a judg-
ment of the Essex County Court of Common Pleas entered
upon a jury verdict in favor of the plaintiffs and against the
defendant.

Five points are presented in the appellant's brief, the
first four of which are grounded in the refusal of the trial
court to charge certain requests. The request discussed under
the first point contains this sentence: "When the plaintiffs'
evidence is equally consistent with the absence as with the
existence of negligence on the part of the defendant, plain-
tiff must fail." That is a misstatement of the law, as all
of the evidence, not merely the evidence given on behalf of
the plaintiff, goes to the jury. Where a party asks for an
instruction which is partly good and partly bad, it is proper

to refuse it altogether. *Dederick* v. *Central Railroad Co.,* 74 *N. J. L.* 424. The request next considered contains this sentence: "The duty to exercise reasonable care by the person using the highway is mutual, and every person may assume that others traveling on the highway will comply with his obligation." Given the ordinary and correct grammatical construction, this means that a person may assume that the obligation resting upon him will be complied with by others— which clearly is not what counsel intended and is not a correct statement of the law. The request must stand or fall by the language in which it is presented to the court unless modified by counsel. *Manchester Building and Loan Association* v. *Allee,* 81 *N. J. L.* 605. In much the same manner the third and fourth requests fail to present clear and correct concepts. In the last request this sentence occurs: "When stopping or slowing up the driver of the vehicle so doing shall keep the arm and hand in a steady position with palm to the rear." The sentence is complete within itself. Counsel evidently intended these words to be part of a reference to the provisions of the Traffic act, for consideration by the jury in determining the question of negligence; but he did not make this clear. He left the request in such shape that the quoted sentence could be understood by the jury, not as an incidental fact, but as a controlling statement of the pertinent law. Therein the request was faulty. We find no error in the court's refusal to charge any of these requests.

The final point is that the verdict of the jury is irregular, improper and uncertain and insufficient to sustain a judgment based thereon. The argument presented under this point is that on the request of the defendant the jury, having rendered its verdict through the foreman, was polled and one of the jurymen said, "for the defendant * * * I mean for the complainant," and that this incident vitiated the verdict. On behalf of the respondent it is argued that the polling of a jury is irregular in a civil cause. We find it unnecessary to consider the merits of the controversy. This point was presented before the trial court on a rule to show cause why the verdict should not be set aside. The appellant

thereby lost his right to have the matter reviewed by an appellant tribunal. *Faragasso* v. *Introcaso,* 98 *N. J. L.* 583; *Balint* v. *Stein,* 9 *N. J. Mis. R.* 591.

The judgment below should be affirmed.