### PHŒNIX REFINING CO. v. TIPS.
#### No. 9158.

Court of Civil Appeals of Texas. San Antonio.

Oct 25, 1933.

Rehearing Denied Dec. 20, 1933.

Eskridge & Groce, of San Antonio, for appellant.

Moursund, Johnson, Rogers & Slatton, of San Antonio, for appellee.

FLY, Chief Justice.

This is an action for damages instituted by appellee against Russell Oil Company and Phœnix Refining Company, Inc., alleged to have accrued by reason of damages to an automobile and personal injuries resulting from the negligence of the two companies in parking certain trucks on a public highway at night without being properly lighted and in occupying the traveled portion of the highway while being parked.

Fourteen special issues were submitted to the jury and all answered favorably to appellee. On the responses to the special issues judgment was rendered in favor of appellee for $6,000 damages arising from personal injuries and $750 damages to the automobile of appellee. No judgment was ren-

dered in favor of appellee against Russell Oil Company, but that corporation was eliminated from liability and the judgment was against the Phœnix Refining Company for the amounts indicated. This appeal has been perfected by the last-named corporation.

The jury in response to the special issues found that appellant permitted a truck to stand on the public highway without any lights; that such action, or failure to act, on the part of appellant, was negligence and was the cause of the injuries and damages inflicted upon appellee and his property. The jury also found that it was negligence on the part of appellant to permit the truck to stand on the traveled portion of the highway and that such negligence was a cause of the damages and injuries inflicted upon the property and person of appellee. The jury found that appellee was not guilty of contributory negligence in the manner in which he operated the automobile which was passing the trucks; that the collision was not an unavoidable accident. The damages were assessed by the jury as hereinbefore indicated. The evidence supports the findings of the jury and we adopt such findings as our conclusions of fact.

■ The first proposition complains of excessiveness in the verdict as to damages arising from personal injuries suffered by appellee, for the following reasons: No medical testimony is offered, but the only evidence as to plaintiff's injuries is that of the plaintiff himself, and the plaintiff's evidence showing that he remained in a hospital for only one week, then returned home and "laid around the house" for an additional week, after which he returned to his business; and where there is no evidence of any impairment of earning capacity, no evidence as to the value of any lost time, no evidence of any permanent injury; where there is no evidence as to the probability of any future pain and suffering, no evidence of any disfigurement, and where plaintiff's counsel in his closing address asks the jury if $5,000 would satisfy them were they in the plaintiff's place, an answer of $6,000 damages is so excessive as to indicate prejudice on the part of the jury, and a judgment in such amount should be reversed.

The reasons given are not sufficient to justify an appellate court in holding that a verdict is excessive and in assuming the right to reduce it in amount. In proving personal injuries the testimony of a doctor is not essential and is not required by any law, and a verdict can be sustained upon the evidence of the injured party alone which the jury finds to be true. There is no evidence of passion or prejudice, and, in the absence of such evidence, an appellate court has no right or authority to reduce the size of a verdict. There is nothing in the record to indicate that the speech of the attorney for appellee was objectionable to appellant; no bill of exception was taken and the matter as to the speech was never called to the attention of the court until set out in a motion for a new trial. The court was given no opportunity to stop the argument or instruct the jury that they should not consider the argument, and to all intents and purposes the record discloses that the objection to the argument was an afterthought and did not strike appellant until the verdict had been rendered and the opportunity gone to remedy any ill effect of such argument. Such practice cannot be sustained, not only because it would be taking an unfair advantage of the opposite party, but because it would be unfair and unjust to the trial judge. The first and sixth propositions are therefore overruled, the last named directly attacking the speech of appellee's counsel.

■■ The second proposition is to the effect that the court erred in permitting the jury to find for medical bills, when there was no testimony as to the reasonableness of the doctor bills which appellee swore he paid. Under the authorities the proposition must be sustained. Dickey v. Jackson (Tex. Com. App.) 1 S.W.(2d) 577; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144. However, this is an error that can reasonably be remedied by remittitur of the amount of $100 which appellee swore he paid for medical bills.

The court charged the jury as to the measure of damages as follows:

"In estimating such damages, if any, you may take into consideration physical and mental pain, if any, suffered or to be suffered by said plaintiff, as the direct result of such injuries, if any, together with reasonable and necessary expenses, if any, incurred by plaintiff for doctor's bills, and loss of time, if any, as the direct result of such injuries, if any."

The objection urged by appellant in assailing the charge in the trial court is as follows:

"These defendants object to Special Issue Number Thirteen, as submitted therein, and particularly the explanatory matter shown in the second paragraph of said Special Issue, because the same is vague, indefinite, uncertain and permits the Jury to assess damages not founded on any evidence adduced on the trial of the case, but on surmise and speculation, and there is no evidence to support any finding of damages on mental and physical pain to be suffered in the future and no evidence of any impairment of future earning capacity or capacity to labor in the future."

In this court appellant presents a proposition that the charge was erroneous on the following grounds:

"There being no evidence in this case as to the plaintiff's earnings, no evidence as to the

value of plaintiff's time and no evidence of any loss of future time by the plaintiff, it is error for the court to instruct the jury that in assessing damages they may include the loss of plaintiff's time, objection having been duly made to the inclusion thereof."

The assignment conforms to the objections made by appellant to the charge in the lower court, but it is apparent that other and different objections are urged through the proposition, and such proposition will not be entertained by this court. Propositions must follow and conform to the assignments of error. The proposition will be overruled. The objections to the charge as well as the assignment of error are multifarious, general, and uncertain and cannot be amended in a proposition so as to present a proper question of law to this court.

The fourth proposition is overruled. In other portions of the charge the consideration of the jury was confined to the evidence submitted to them and there was nothing confusing or misleading in stating to the jury on a certain point, according to the "facts and circumstances surrounding the case." Under the facts set out in the statement of facts, the jury was not misled by the charge but followed the evidence adduced before them in passing upon the issues.

No objections are shown to have been made to the testimony that the lights on the truck were not burning between 8 and 8:30 o'clock, although appellant seeks to present this question through his fifth proposition. There is no bill of exceptions and nothing in the statement of facts that raises the question sought to be presented to this court. The proposition is overruled.

The seventh proposition is without merit and is overruled.

If a remittitur is entered for $100, the amount of medical charges, in seven days, the judgment will be affirmed, otherwise it will be reversed and the cause remanded.

Affirmed if proper remittitur is entered.