WILLIAM J. ROWLAND, PLAINTIFF-RESPONDENT, v. ALBERT WUNDERLICK, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided August 3, 1934.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *M. Metz Cohn.*

For the defendant-appellant, *Edward A. Markley* and *Patrick F. McDevitt.*

The opinion of the court was delivered by

CASE, J.  Plaintiff sued for injuries received from the bite of a dog belonging to the defendant.  Knowledge on the part of the defendant, technically known as *scienter,* of the alleged vicious propensities of the dog was specifically alleged in the state of demand, and the denial thereof by defendant's attorney at the opening made that the main issue.  There was evidence *pro* and *con.*  At the close of the trial the court's entire charge to the jury was as follows:

"Ladies and gentlemen of the jury, it is up to you to decide this case.  Be guided by the evidence and nothing else. If you think that the plaintiff is entitled to damages, you should give them to him; if not, your verdict should be for the defendant.  I will say nothing more."

The jury then retired.  Defendant's attorney forthwith requested the court to charge the jury on the fundamental principles of law· dealing with *scienter*.  The court refused to charge the jury thereon.  Exception was taken to the refusal.

Subsequently plaintiff's attorney requested that chapter 427 of the laws of 1933 be read to the jury, whereupon the judge, accompanied by both counsel and the stenographer, entered the jury room and read to the jury that statute as follows:

"The owner of any dog which shall bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness. A person is lawfully upon the private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States of America, or when he is on such property upon the invitation, express or implied, of the owner thereof."

The action of the court in that respect was also excepted to on behalf of defendant. Verdict went for the plaintiff and from the judgment thereon defendant appeals, presenting four points, of which the second is that the court erred in refusing to charge the jury the law with regard to *scienter,* and the third is that the court erred in reading the above-mentioned statute to the jury.

*Scienter* was an essential element in the case, made so both by the issue specifically presented and by the fundamental law. *Angus* v. *Radin,* 5 *N. J. L.* 815; *Emmons* v. *Stevane,* 77 *Id.* 570; *Eberling* v. *Mutillod,* 90 *Id.* 478. That fact is so obvious that no charge, if it undertook to instruct the jury at all upon the law of the case, could well omit reference to the subject. Whether the directing of the court's attention to the omission should have been made before the jury retired is not of importance for the reason that the judge did, as we have observed, thereafter present himself to the jury and make a further charge in other respects. The court was thus in the posture of having been silent upon the fundamental law of the case, being requested to charge thereon and refusing, and thereafter, in charging the jury, of withholding that law so essential to the intelligent performance

by the jury of their duties. We are of the opinion that that was error. *Lambert* v. *Trenton and Mercer, &c., Corp.,* 103 *Id.* 23, affirmed in the Court of Errors and Appeals by a divided court (104 *Id.* 175, and cited without criticism in *Tobish* v. *Cohen,* 110 *Id.* 296 (at *p.* 302). It was within the province of the court to request counsel to translate his request into a specific direction and to reduce the same to writing; but that was not done. It has, from time immemorial, been the practice of the judge, at the close of a trial, to give the jury his opinion in matters of law arising from the evidence (3 *Bl. Com.* 375), and this practice becomes a duty that should not be evaded when the case requires it. *Broadwell* v. *Nixon,* 4 *N. J. L.* 362. We think that the court, having been requested to charge the jury on the fundamental law of the case, reference thereto having been theretofore omitted, may not proceed to charge the jury in other respects and withhold from them all instruction upon that law. If it be considered that the reading of the statute was an attempted compliance with the request, there was nevertheless reversible error for the reason next given.

We find further that the statute read by the court to the jury was erroneously applied to the present issue. The statute was approved December 4th, 1933. The acts sued upon occurred February 21st, 1933. The statute, to the extent of its application, changed the law theretofore existing in that it made liability absolute upon the happening of the act regardless of the former viciousness of the dog or of the owner's knowledge of such propensity. The statute was, by it's terms, directed towards the future. It carries no presumption of retrospective force. *Citizens' Gas Light Co.* v. *Alden,* 44 *N. J. L.* 648; *Regan* v. *State Board,* 109 *Id.* 1. It was not effective as of the time the tort was alleged to have been committed, was a misstatement of the pertinent law and the reading to the jury was error.

We find it unnecessary to consider the remaining points.

The judgment below will be reversed and a new trial had.