JOSEPH HARTWYK, PLAINTIFF-APPELLANT, v. MARGARET SHEA AND MAURICE A. SHEA, JR., DEFENDANTS-RESPONDENTS.

Argued October 1, 1934—Decided January 21, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff-appellant, *Koehler, Augenblick & Freedman.*

For the defendants-respondents, *William H. Campbell, Jr.*

BODINE, J. This case arose out of a collision at a road intersection between an automobile and a bus. The issues were negligence and contributory negligence. The trial judge before he charged the jury was not requested to charge that

the burden of proving contributory negligence rested upon the defendant.

Plaintiff's counsel argues that he was justified in the expectation that the court would charge the controlling legal principles and, therefore, he made no request until he observed the omission. He then called the court's attention to the omission in a clear and precise manner.

In *Rowland* v. *Wunderlich,* 113 *N. J. L.* 223, there was a request at the conclusion of a charge that the court charge a controlling legal principle apparently omitted by indifference to the legal questions involved. The trial judge ignored the request and proceeded to recharge the jury upon another phase of the case. The Supreme Court held that the court may not proceed to charge the jury in other respects and hold from them all instructions upon the pertinent law brought to its attention even after it has once finished.

The case of *Lambert* v. *The Trenton and Mercer, &c., Corp.,* 103 *N. J. L.* 23, affirmed by a divided court, 104 *Id.* 175, is urged as a reason for reversal. In *Tobish* v. *Cohen,* 110 *Id.* 296, the Court of Errors and Appeals refused to apply the doctrine of the Lambert case because trial counsel did not request the trial judge to recall the jury so that they might be again charged. In the present case, the jury had not retired. In *Illis* v. *Oberle,* 106 *Id.* 244, the proofs did not present the issue of contributory negligence. Hence, there was no error in the refusal to charge with respect thereto.

"The Court of Errors and Appeals held in *Dunne* v. *Jersey City Galvanizing Co.,* 73 *N. J. L.* 586; 64 *Atl. Rep.* 1076, cited in *Carmany* v. *West Jersey and Seashore Railroad Co.,* 78 *N. J. L.* 552; 74 *Atl. Rep.* 656: 'In order to entitle a party to insist that a proper instruction requested by him shall be given, a timely presentation of such request should be made to the court at or before the close of the evidence and before the beginning of the argument. To entitle a party presenting requests to charge after the court has concluded its charge, to have such requests considered and charged or refused, it should appear that the requests pre-

sented have been made necessary by something the court has already charged or omitted to charge.' " *Ceccomancino* v. *D'Onofrio,* 111 *N. J. L.* 499, 500.

In the present case, plaintiff's counsel was entitled, if he requested it, to an instruction that the burden of proving contributory negligence was upon the defendant. He was, we think, entitled to assume that the court would not omit so important an element from a charge dealing with the subject of contributory negligence. As soon as the omission was apparent, and before the jury retired, he directed the court's attention to the error. The court was, of course, entitled to have the precise point embodied in a written request, but instead of having this done or properly instructing the jury on the point, he directed them to retire uninformed, as he well knew, upon a material point. The rules concerning timely presentation of written requests are not to be relaxed, since they insure a proper administration of law. On the other hand, trial courts are not to be impervious to belated requests made necessary by their own omissions.

The proper practice is to charge the jury as to the omitted principles when there is, as in this case, timely notice of the omission. The court may, of course, if it desires, request a written instruction. But it may not, when it has timely opportunity, let its own errors go uncorrected merely because counsel has assumed that elementary and controlling principles of law would be charged.

The judgment is reversed.