WILLIAM KRUSCHKA, BY HERBERT P. KRUSCHKA, HIS NEXT FRIEND, HERBERT P. KRUSCHKA, INDIVIDU-ALLY, AND EDITH H. KRUSCHKA, PLAINTIFFS-RE-SPONDENTS, v. MAE KONVITZ, DEFENDANT-APPEL-LANT.

Submitted January 26, 1935—Decided April 9, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the defendant-appellant, *Edward A. Markley.*

For the plaintiffs-respondents, *William J. O'Hagan.*

PER CURIAM.

The infant plaintiff was grievously injured by reason of a collision between the car his father was driving and that driven by the defendant. The action was tried before the court and a jury.

The court, at no time, defined negligence, proximate cause, contributory negligence, or stated the true rule of damages applicable to an action of this kind. Such legal principles were obviously an essential part of the court's charge, if the jury were to find the facts within the bounds of the controlling legal principles. Counsel was certainly entitled to the expectation that the court would observe this fundamental duty. At the close of the charge, counsel directed the court's attention to the omission but the court instead of then requesting written requests, if ignorant of the legal principles applicable, expressed the opinion that the matters

suggested were well covered. We cannot find this to be so. Such action was prejudicial error. *Hartwyk* v. *Shea,* 114 *N. J. L.* 235; 176 *Atl. Rep.* 390.

Since this case must be retried, it might be well for counsel to note that an inquiry addressed to jurors as to their acquaintance with counsel employed in the case finds no sanction in our law, since mere acquaintance would not tend to show a lack of impartiality as between the parties to the suit. *Boyd* v. *Husted,* 3 *N. J. Mis. R.* 225; 127 *Atl. Rep.* 667.

The judgment is reversed.