JOSEPHINE ZAMBRANO, AN INFANT, BY MERCEDES ZAMBRANO, HER NEXT FRIEND, AND MERCEDES ZAMBRANO, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. BERT L. DANZIGER, DEFENDANT-RESPONDENT.

Submitted October 25, 1935—Decided January 31, 1936.

For the plaintiffs-appellants, *Haines & Chanalis.*

For the defendant-respondent, *Ridley & Flanigan (John L. Ridley).*

The opinion of the court was delivered by

BODINE, J. The plaintiffs in an automobile collision case appeal from a judgment in favor of the defendant. The sole ground of appeal raises the question as to the legality of a portion of the court's charge in which the learned judge read an excerpt from the opinion of this court in an equity case, *Bankers Trust Co.* v. *Bank of Rockville Centre,* 114 *N. J. Eq.* 391, 400. The excerpt contained a collection of the views of jurists and legal text writers as to the weight to be accredited oral admissions of a party to an action. It is argued that in an action at law the jury are the sole judges of the credibility and weight of testimony. In an equity case the facts are, of course, found by the court. The fact finder examines the authorities in order to determine the weight other jurists have attached to certain classes of testimony. General rules are often helpful guides. But the credit to attach to any testimony must always depend upon all the facts and circumstances of the particular case.

Mr. Justice Garrison, in speaking for this court in *Fath* v. *Thompson,* 58 *N. J. L.* 180, 185, expressed the true rule to govern trial judges as follows: "If the real issue be pointed out to the jury and no competent testimony excluded, the judgment will not be disturbed because of the judicial refusal to adopt some particular mode of presenting the issue or to give undue or conclusive effect to otherwise faultless legal formulæ applicable to a group of facts isolated from the rest of the case."

The learned trial judge adhered to the rule of excluding no competent testimony, and further he pointed out the real issue of negligence, but because he saw fit to quote the pertinent portions of an opinion of this court in an equity matter was not error. It was made perfectly clear in the charge that the jury were the sole judges of the credit and weight to attach to the testimony. Further, the defendant's alleged admissions were not the determining factor in the case, but rather the conflicting testimony as to the very occurrence. The child was injured by the defendant's automobile, a heavy car. No bones were broken and the issue, under the proofs, was whether she had run into the car or the car had run into her. The defendant did not know whether his car hit the child or not. He felt something and stopped, looking back he saw a child lying in the street. He went back and offered assistance. There is no inconsistency between the defendant's proofs and the alleged admission, except that he denied that he said he struck the child. It may well have been that he did say that it might have been his car that was involved. This was admitted and the hearer of his remarks might very well have misunderstood his meaning. Hence, the wisdom of charging the rule of caution as to oral admissions of a party. The exact language cannot always be faithfully recalled and meaning may be by the hearer misunderstood.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 12.

*For reversal*—THE CHIEF JUSTICE. 1.