## GALVESTON TRUCK LINE CORPORATION et al. v. MOORE et al.

### No. 1918.

Court of Civil Appeals of Texas. Waco.

June 17, 1937.

Rehearing Denied July 8, 1937.

Collins & Collins, of Lufkin, Max M. Rogers, of Huntsville, and Pitser H. Garrison, of Lufkin, for appellants.

Harold R. Moore, of Houston, Joe E. Webb, of Madisonville, and Battaile & Burr and John Jay Darrah, all of Houston, for appellees.

GEORGE, Commissioner.

This is a suit for damages growing out of a collision of motor vehicles instituted in the district court of Madison county by appellees, E. E. Moore, A. E. Bates, and D. A. Beard, against L. G. Wolfe and appellants, Galveston Truck Line Corporation and Hayes Henderson. Moore seeks damages on account of personal injuries suffered and Bates and Beard seek recovery of loss sustained by reason of injuries to their respective properties. Southern Underwriters, compensation carrier, intervened and sought recovery of amounts paid by it as compensation to Moore and as doctor, dentist, hospital, and medical bills for him. Trial to the court and judgment for appellees and intervener against Galveston Truck Line Corporation and Henderson jointly, who appeal. Judgment was also rendered that appellees take nothing as against defendant Wolfe. The court, on request of appellants, prepared and timely filed separate findings of fact and conclusions of law.

Appellants say, (1) the evidence is insufficient to support the court's finding that Moore did not park his truck in such a position that a portion thereof rested on or protruded over the paved portion of

the highway; and (2) that the amount of damages awarded to Moore by reason of personal injuries is excessive.

The trial court found that Henderson committed certain acts of commission and omission, that such acts constituted negligence, and that each such act of negligence was a proximate cause of the collision and resultant damages; and the court also found that the truck and van operated by Moore were parked on the shoulder of the road on his right-hand side and that all parts thereof were entirely clear of the paved portion of the highway and that no part of either protruded over the pavement; that the act of Moore in so parking the truck was not negligence; and that no negligent act or omission of Moore was in anywise a proximate or contributing cause of the collision. The next above two findings of the court, though excepted to, are not challenged by any assignment or proposition.

On the night of January 25, 1935, at 2:30 a. m., Hayes Henderson, employee of Galveston Truck Line Corporation, acting at the time within the scope of his employment and in the furtherance of his master's business and while operating its International truck, ran into the rear end of the standing van and Chevrolet truck in charge of E. E. Moore, as employee of D. A. Beard, on U. S. Highway No. 75, north of Madisonville, resulting in injuries to Moore and the van and Chevrolet truck. The van belonged to Beard and the Chevrolet truck belonged to A. E. Bates. Beard carried compensation insurance with Southern Underwriters. Both trucks were headed in a southerly direction. The night was dark and cold but clear. The road at the point of collision and in each direction therefrom, for a distance of about 1 mile, was straight, clear, and unobstructed. The headlights, taillights, parking lights, cab lights, and clearance lights of the Chevrolet truck and van were burning and could be seen in each direction for a distance of from 300 yards to ½ mile. The pavement was 20 feet wide and the abutting shoulders were from 6 to 8 feet wide and at least 19 feet of the pavement was free of obstruction and clear for passage of vehicles. Henderson did not see the standing van and Chevrolet truck until he had hit them. There is testimony tending to show that appellants' truck ran off the pavement into the van and Chevrolet truck, but this is denied by Henderson. The evidence is conflicting as to whether any portion of either the van or Chevrolet truck was on the west edge of the pavement and as to whether any portion of either protruded over the west edge of the pavement. The evidence most favorable to appellants is to the effect that the left rear wheel of the van was on the pavement 8 inches from the west edge and that the remaining portion of the Chevrolet truck and van were off of the pavement on the shoulder of the west side of the road.

The burden was on appellants to establish by a preponderance of the evidence that Moore's truck and van were left standing or protruding partly on and over the pavement under such circumstances as to constitute negligence per se and that such negligence proximately caused or contributed proximately to cause the collision; or that Moore's truck was so parked that it was partly on or partly protruding over the pavement; that the parking of such truck in such manner on such occasion was negligence; and that such negligence was a proximate cause or a contributing proximate cause of the collision.

If it be conceded that Moore's truck was parked in the manner and place contended for by appellants at the time of the collision and that the leaving of such truck so standing on such occasion was negligence per se, yet if there is any substantial evidence to support the court's finding that such negligence was not a proximate cause or contributing proximate cause, then the issue of whether the truck and its van were parked partly on the pavement or wholly off the pavement on the shoulder of the road becomes immaterial. All the evidence shows that the Chevrolet truck and its van were so parked that there was ample room for other vehicles to pass on the commonly used portion of the pavement; that the parked truck had all its lights burning so that same could be easily seen in each direction for at least 300 yards; and that the driver of appellants' truck did not see it until after he had hit it, showing failure on his part to keep any kind of lookout in the direction in which he was proceeding for others in the use of such highway on his side of the pavement. The driver of the parked truck was entitled to assume that appellants' driver would not totally disregard his duty to keep a reasonable

lookout. This finding of the court is supported by substantial evidence of strong probative force and the other two findings of the court, hereinabove mentioned, are supported by evidence of some probative force and weight, and it cannot be said that such findings of the court are without any substantial evidence. The determination of the witnesses' opportunity for accurate observation and correct rendition of facts and their credibility was primarily a matter for the trial court. Waterman Lumber Co. v. Beatty, 110 Tex. 225, 227, 218 S.W. 363; Texas & N. O. Ry. Co. v. Harrington (Tex.Com.App.) 235 S.W. 188; Hines v. Foreman (Tex.Com.App.) 243 S.W. 479; San Antonio & A. P. Ry. Co. v. Behne (Tex.Com.App.) 231 S.W. 354; Foster v. Beckman (Tex.Civ.App.) 85 S.W.(2d) 789; Koons v. Rook (Tex. Com.App.) 295 S.W. 592; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.(2d) 60; Pennington Produce Co. v. Wonn (Tex.Civ.App.) 49 S.W.(2d) 482; Taber et al. v. Smith (Tex.Civ.App.) 26 S.W. (2d) 722; Swift & Co. v. Eanes (Tex.Civ. App.) 92 S.W.(2d) 522; Universal Transport & Distributing Co. v. Cantu et al. (Tex.Civ.App.) 84 S.W.(2d) 327.

Moore was knocked unconscious and remained in a hospital from 5 to 7 days under the care of a day and night nurse. He was unable to work for 9 or 10 weeks. He received a laceration 2 inches long in the left parietal region, deep laceration 2 inches long on lower lip, severe contusion on chest and left hip region posterially, injury to left hand, muscles in lumbar region strained, and general bruising and muscular soreness over entire body and back and extremities. The lower lip healed by leaving some deformity, numbness, and disturbing sensation and probably a permanent scar. He was suffering from post-traumatic headaches and nervousness at the time of trial. He has probably sustained permanent impairment of health to some extent and diminished capacity to work. There is a probability of future pain and suffering from headaches and nervousness for an indefinite period of time and necessity for future dental work. His upper left and right central incisors were chipped and fractured and it was necessary to extract the upper left incisor and insert a bridge to restore it. Moore was 35 years of age and had a life expectancy of 31.78 years. The amount of the judgment awarded Moore for personal injuries was $2,665, and for doctors',

dentists', hospital, and medical bills $134.10, and same appears to be reasonably proportionate to the injuries sustained and not in such amount as would indicate that the trial court was influenced by any improper motive such as partiality, bias, or prejudice. Phoenix Refining Co. v. Tips (Tex. Civ.App.) 66 S.W.(2d) 396; McMath Co. v. Staten (Tex.Civ.App.) 60 S.W.(2d) 290; New Nueces Hotel Co. v. Sorenson (Tex. Civ.App.) 48 S.W.(2d) 365; Texas & Pac. Ry. Co. v. Perkins (Tex.Civ.App.) 284 S. W. 683; Flores v. Garcia (Tex.Civ.App.) 226 S.W. 743; Western Union Tel. Co. v. Parham (Tex.Civ.App.) 210 S.W. 740; Galveston, H. & S. A. Ry. Co. v. Gibson (Tex.Civ.App.) 38 S.W. 480; Hines v. Meador, 145 Ark. 356, 224 S.W. 742; Bryden v. Priem, 190 Wis. 483, 209 N.W. 703; Boyd v. Husted, 127 A. 667, 3 N.J. Misc. 225; Lilly v. Elm Point Mining Co., 45 N.D. 464, 178 N.W. 128.

The judgment of the trial court is affirmed.

Opinion adopted by the Court.