HAROLD G. HOFFMAN, PLAINTIFF-RESPONDENT, v. TRENTON TIMES, JAMES KERNEY, JR., AND TRENTON TIMES CORPORATION, DEFENDANTS-APPELLANTS.

Argued February 7, 1940; Re-argued .June 26, 1940—Decided December 12, 1940.

For the plaintiff-respondent, *Harry Green* and *George L. Burton*.

For the defendants-appellants, *Pitney, Hardin & Skinner* (*Charles R. Hardin, Worrall F. Mountain, Jr.,* and *Douglas M. Hicks*).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This appeal is from a judgment in favor of the plaintiff-respondent against the defendants-appellants for alleged libelous publications. As to these, a retraction was demanded but, it is charged, was not made.

Numerous reasons for reversal are assigned; some have been waived and are not argued, and those remaining go to trial errors; to all of which we have given meticulous study and consideration, and we do not find that any make for reversible error and none require any particular mention except four, of which we shall speak later.

Nothing of value can be gained by any attempt to recite or array the evidence.

The questions of liability and damages, or the merits of the cause, so to speak, are not before us. Both of these questions were settled adversely to appellants, by the jury and later the damages were reviewed and settled by the trial judge under a rule for a new trial.

As previously pointed out there are only four grounds that appear to us to call for any particular mention: (1) refusal to nonsuit; (2) refusal to direct a verdict; (3) refusal to charge request number fourteen, and (4) refusal to charge request number 15.

1 and 2. There was no error in refusing to nonsuit or direct a verdict. There were facts, admitted and controverted, designed to establish appellants' guilt or innocence of the alleged libel and their liability to answer in damages therefor, which required submission to the jury and it would have been error to have withdrawn them from that body.

3. There was no error in refusing to charge request fourteen.

.Its language is: "The payments to two of the fourteen employes, namely: the $200 paid to Elizabeth L. McLaughlin, and the $150 paid to Albert B. Hermann, were not authorized by statute. These two employes held positions for which so-called line item appropriations were made by the statute, and the statute provides that the incumbents of such offices or positions shall not receive compensation in excess of the amounts provided in the statute. The payments to these two employes were, therefore, illegal."

Hereby two unassailed questions of fact, as to payments to two employes, and appellants' construction of the Appropriation act (*Pamph. L.* 1937, *ch.* 177, *p.* 586) are set forth, and nothing more.

We may assume, for present purposes, that both are correct but the fact cannot be escaped that the request is incomplete and impotent for the following reasons:

One of the most important duties of the trial court is to expound the law to the jury. *Broadwell* v. *Nixon,* 4 *N. J. L.* 420; *Rowland* v. *Wunderlick,* 113 *Id.* 223 (at *p.* 226); 174 *Atl. Rep.* 168. Generally the office or purpose of instructions by the court is to inform the jury as to the law of the case applicable to the facts in such a manner that the jury may not be misled; in other words, to advise the jury as to what is the law applicable to a certain set of facts, if they find the existence of such facts from the evidence. 3 *Blk.* *375; 3 *Chit. Gen. Prac.* *913; 64 *C. J.* 511; 14 *R. C. L.* 725.

A requested instruction must comply with the requirements governing instructions as to matters of form and substance in order to entitle the party presenting it to have it given in the charge to the jury (64 *C. J.* 858), and is subject to the same test.

The function of a request to charge is to draw from the court a declaration of the law, coupled with an instruction to the jury, how, and the manner in which, it is to be used and applied by them in reaching a conclusion upon the issues before them. Anything short of this would be to lead the jury into the realm of uncertainty and speculation.

We have held that a request to charge stating an abstract principle of law without any instruction to the jury as to its

applicability, is bad. *Altieri* v. *Public Service Railway Co.,* 103 *N. J. L.* 351 (at *p.* 353); 135 *Atl. Rep.* 786. Likewise a request to charge that gave conclusive effect to otherwise faultless legal formulæ applicable to a group of facts isolated from the rest of the case. *Fath* v. *Thompson,* 58 *N. J. L.* 180 (at *p.* 185); 33 *Atl. Rep.* 391; *Zambrano* v. *Danziger,* 116 *N. J. L.* 134 (at *p.* 135); 182 *Atl. Rep.* 635. A charge by the court in the exact language of a statute that failed to point out its applicability has been held to be error. *Broadwell* v. *Nixon, supra,* and conversely a request to charge the legal effect of a statute, but which contained no recital of any part of the statute to which counsel desired the court to direct the jury's attention has likewise been held to be bad. *Thompson* v. *Lancaster,* 8 *N. J. Mis. R.* 71; 148 *Atl. Rep.* 400.

Sufficient has been said to indicate that the request to charge here under consideration is incomplete and insufficient. There remains but the consideration of the duty of the trial court with respect to such a request.

We perceive no error in the trial court's refusal to charge the request as submitted. It has been held that "A request must stand or fall by the language in which it is presented to the court *unless modified by counsel.* If a modification of such language, however slight, is required, in order to entitle the party, as a matter of strict right, to have his request charged, it is not error to refuse to charge such request. The reversal of a judgment for the failure of a trial court to so modify a request that it would be error not to charge it, is a thing yet to be heard of." *Manchester Building and Loan Association* v. *Allee,* 81 *N. J. L.* 605 (at *p.* 611); 80 *Atl. Rep.* 466; *Tiernan* v. *B. & S. Motor Service, Inc.,* 10 *N. J. Mis. R.* 294 (at *p.* 295); 158 *Atl. Rep.* 845.

4. There was likewise no error in refusing to charge request number 15.

It is—"15. The statute (the 1937 Appropriation act) in making the lapsed balances available for pay increases, expressly made provision only for 'reasonable and necessary increases in compensation' and only for such increases 'as the needs of the service may require' and directed that any such increases should be made upon the recommendations of the

heads of departments and should be made when and if approved by the Civil Service Commission. It appears from the evidence that the extra payments or bonuses were not 'reasonable and necessary increases' or such increases 'as needs of the service require.' The payments were therefore not authorized by the statute and they were unlawful."

A mere reading of this request forces the conclusion that it is improper and imperfect. It is defective in two prominent particulars; it takes from the jury its prerogative to pass upon the testimony and, like request 14, leaves the jury without any instruction how they are to apply it, if it is pertinent to any issue before them.

It was not error to refuse to charge this request.

The judgment appealed from is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, DONGES, PORTER, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 9.

*For reversal*—PARKER, HEHER, PERSKIE, JJ. 3.