JOHN J. DALEY, PLAINTIFF–RESPONDENT, v. PATRICK J. DELAHANTY AND CATHERINE C. DELAHANTY, INDIVIDUALLY AND TRADING AS P. J. DELAHANTY MANUFACTURING CO., DEFENDANTS–APPELLANTS.

Argued September 14, 1949—Decided March 7, 1949.

*Mr. Milton T. Lasher* argued the cause for the defendants-appellants.

*Mr. William Gelfond* argued the cause for plaintiff-respondent (*Messrs. Dultz, Miller, Gelfond & Zeller*, attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J. This is an appeal by the defendants from a judgment of the former Supreme Court, Essex County Circuit, awarding damages of $1,500 with interest and costs to the plaintiff.

The plaintiff entered into a contract of employment with the defendants in December, 1944 under the terms of which he was to be paid $6,000 annually in weekly payments and an additional $3,000 annually in monthly installments of $250.00, the salary arrangement to be subject to the approval of the Wage Stabilization Unit or the Wage Stabilization Board of the Treasury Department of the United States. The plaintiff commenced his employment and was paid the weekly salary as well as the monthly salary pending the disposition of the application made by the defendants to the Federal authorities. In June, 1945, the defendants were notified that a salary greater than $6,000 would not be approved and were instructed to cease the payment of the $250.00 monthly. Thus for the year 1945 the plaintiff received a total of $7,500, $6,000 by way of weekly salary and an additional $1,500 made up of monthly payments of $250.00 each for a period of six months.

The plaintiff testified that in January, 1946, the parties made an agreement whereby the plaintiff was to receive the sum of $7,500 base salary for the year 1946. There is no proof that any application was made to or permission received from the Federal authorities for the payment of this $7,500 salary. The plaintiff actually received from the defendants for the year 1946 only $6,000.

The plaintiff's complaint contained three counts. The first count was for the balance of the $9,000 salary, plus an alleged bonus of ten per cent., for the year 1945. The second count was founded on the alleged agreement for a salary of $7,500, plus a ten per cent. bonus for the year 1946. The third count was for a bonus of ten per cent. of salary for the year 1947, but this count was later abandoned. At the trial the court directed a verdict for the defendants on the first count finding in effect that the parties had agreed to be bound by the action of the Wage Stabilization Board. The defendants denied the agreement alleged in the second count concerning the increase in salary for the year 1946. This issue the court submitted to the jury as a simple question of fact and the jury returned a verdict in favor of the plaintiff. It is from the judgment entered on this count that this appeal has been taken.

Although the defendants had pleaded in their answer as an affirmative defense the alleged illegality of the purported agreement covering the year 1946 and the court below conceded that it was required to take judicial notice of the Wage Stabilization Act and the regulations promulgated thereunder, the defendants did not move for a directed verdict on the ground that any increase in the 1945 base salary of $6,000 was illegal without the approval of the Wage Stabilization Board. Nor did they prior to the charge submit to the trial court any written request to charge the applicable law and executive orders with respect to their affirmative defense of illegality. Instead they contented themselves with an exception to the court's charge "limiting the jury strictly to the factual issue of whether the defendant should pay the plaintiff the $1,500 for the year 1946, when the proof showed, and the Stabilization Act provides together with the regulations established thereunder, that insofar as employers having a master contract with the Federal Government are concerned approval of all wage increases must be obtained from the Wage Stabilization Board."

It is argued that without any requests to charge from the defendants the trial court should have charged the applicable

law of the Stabilization Act and of the executive orders issued thereunder. It is insisted that it is the duty of the trial judge to charge the fundamental law of the case and *Rowland v. Wunderlick,* 113 *N. J. L.* 223 *(Sup. Ct.* 1934) and *Hartwyk v. Shea,* 114 *N. J. L.* 235 *(Sup. Ct.* 1935) are cited to us. But in these two cases counsel did not content themselves with taking an exception, as here, to the alleged omission to charge part of the basic law of the case, but requested the trial court to give appropriate instructions to the jury. Not only must a distinction be made between merely taking an exception to a charge as given and requesting the court to charge the jury further, but there is a further difference between the two cited cases and the case at bar. In the cited cases the trial court was concerned with fundamental rules of the common law which are or should be known to all triers of fact in the courts of law; here an involved Federal statute with several complicated executive orders issued pursuant thereto were being relied on by the defendants. The trial judge is not to be expected to charge such Federal statutory law and executive orders in the absence of a request to charge presented in writing in advance of the summation of counsel. Nor are we at all satisfied that the Stabilization Act and the executive orders relied on by the defendants are applicable to the facts as developed at the trial.

The judgment is affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal:* None.