PHOENIX REFINING CO. v. WALTER TIPS.

No. 6707.   Decided April 10, 1935.
(81 S. W., 2d Series, 60.)

*Eskridge & Groce* and *George S. Rice, Jr.,* all of San Antonio, for plaintiff in error.

Proximate cause is the test of actionable negligence and any proper charge on proximate cause includes the elements of reasonable foreseeableness. International & G. N. R. R. Co. v. Bigham, 90 Texas, 223, 38 S. W., 162; Brush Electric Co. v. Lefevre, 93 Texas, 604, 57 S. W., 640; Galveston, H. & S. A. Ry. Co. v. Bell, 110 Texas, 104, 216 S. W., 390.

*Moursund, Johnson, Rogers & Slatton,* of San Antonio, for defendant in error.

On the charge of proximate cause and an intervening cause: Galveston, H. & S. A. Ry. Co. v. Averill, 136 S. W., 98; Texas

& Pac. Ry. Co. v. Short, 62 S. W. (2d) 995; Reilly v. Buster, 52 S. W. (2d) 521.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was filed in the District Court of Wilson County, Texas, by Walter Tips against Russell Oil Company and Phoenix Refining Company to recover damages for personal injuries and injuries to an automobile. Tips' petition in the district court alleged that such damages were caused by the negligence of each and both of the defendants. The case was submitted to a jury on special issues in the district court and based on the jury's answers to such issues judgment was entered for Tips against Phoenix Refining Company for $6750.-00. No issue was submitted as against Russell Oil Company, and judgment was entered in its favor. No complaint is made as to this by either Tips or Phoenix Refining Company, and the Russell Oil Company passes out of the case. Phoenix Refining Company appealed to the Court of Civil Appeals as against Tips. On final hearing in that court the judgment of the district court was affirmed after requiring a remittitur of $100.00. 66 S. W. (2d) 396. Phoenix Refining Company brings error.

We shall hereafter refer to the parties as Tips and the Refining Company.

It appears that Tips was injured and his car demolished by his running his car into a truck belonging to the Refining Company. The truck was parked at night on the side of a public road near Floresville in Wilson County, Texas.

The case was submitted to the jury on fourteen special issues, and in response thereto the jury in substance found:

(a) That the Refining Company was guilty of negligence in permitting the truck to stand on the public highway without a light on the rear thereof; that this constituted negligence, and that such negligence *directly caused or contributed to cause* the accident.

(b) That the Refining Company was guilty of negligence in permitting the truck to stand on the public highway without two lights on the front; that such constituted negligence, and that such negligence *directly caused or contributed to cause* the accident.

(c) That permitting the truck to stand on the traveled portion of the highway constituted negligence, and that such negligence *directly caused or contributed to cause* the accident.

(d) That Tips was not guilty of contributory negligence.

(e) That Tips' damages for personal injuries amounted to $6,000.00, and the damages to his car $750.00.

After submitting the issues as to whether the Refining Company committed certain acts, and as to whether such acts constituted negligence, the trial court attempted to submit the issues of proximate cause by questions of which the following is typical:

"* * * did such negligence *directly cause or contribute* to the collision and injuries of the plaintiff shown by the evidence?" (Italics ours).

The Refining Company duly and seasonably objected and excepted to such charges on the ground, in substance that they failed to submit issues of *proximate cause.*

Before proceeding to decide the question as to whether the above matter presents error we deem it expedient to announce certain well known applicable rules.

1. Before it can be said that an act of negligence is the proximate cause of an injury it must appear that the injury was the natural and probable consequence of such act of negligence, and that the party committing the act ought reasonably to have foreseen such consequences in the light of attending circumstances. Texas & Pac. Ry. Co. v. Bigham, 90 Texas, 223, 38 S. W., 162; Union Stock Yards v. Peeler (Com. App.), 37 S. W. (2d) 126; Payne v. Robey (Com. App.), 257 S. W., 873; Southern Union Gas Co. v. Madeley (Civ. App.), 55 S. W. (2d) 599; City of Dallas v. Maxwell (Com. App.), 248 S. W., 667, 27 A. L. R. 927.

2. A prior or remote cause cannot be made the basis of an action for damages if it does nothing more than furnish the condition or give rise to the occasion which makes the injury possible, if such injury is the result of some other cause which reasonable minds would not have anticipated, even though the injury would not have occurred but for such condition. Panhandle & S. F. Ry. Co. v. Sledge (Civ. App.), 31 S. W. (2d) 149; Id. (Com. App.), 45 S. W. (2d) 1112.

3. An act may be the proximate cause of an injury when it is not the nearest or last cause in connected succession of the events which leads to a result. Also the converse may be true. An act may be the nearest cause in connected succession of events which leads to a result and not be the proximate cause. 30 Texas Jur., pages 710-711 and authorities there cited. In this connection the term proximate cause is generally defined

by our authorities as, that cause which, in natural and continuous sequence, unbroken by any new and independent cause, produces the injury, and without which the result would not have occurred. 30 Texas Jur., page 710 and notes. Of course there are some cases of proximate cause in which the issue of new and independent cause does not arise.

4 4. Where under the evidence it is necessary to use the phrase, *new and independent cause,* or a phrase of similar meaning, in defining proximate cause, it is proper to define the phrase, *new and independent cause.* This term or phrase means "the act or omission of a separate and independent agency, which destroys the casual connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury." 30 Texas Jur. page 712, and notes.

When we come to examine the record in this case we find that there is evidence therein tending to show that this truck was forced to stop and park on account of a flat tire; that this accident occurred in the night while the truck was parked on the side of the road; that at the point where the truck was parked the road was straight for a quarter of a mile in one direction, and a half mile in the other; that the truck was so parked that there was ample room for other vehicles to pass, and many such did pass going in both directions; that at the time this collision occurred this truck had two rear and two front lights burning; that at a point of from one hundred to two hundred feet from this truck Tips passed another car going in the opposite direction with its lights burning; that Tips was traveling about 35 miles an hour when he passed the other car; that in passing the other car at the rate of 35 miles per hour he was violating the law as it then existed, (the legal rate of speed in passing another car was then 15 miles per hour); that the lights of the other car might have had a tendency to impair Tips' vision; that just a few seconds after passing the other car Tips' car collided with this truck with resultant injuries to himself and his car. At this point we pause to note that another truck was standing in front of this truck at the time Tips' car struck this truck. Also at the same time a party was standing between the two trucks, and the impact produced by Tips' car striking this truck was so great that it was driven forward into the other truck, pinning the party between the two trucks, and so injuring him that he died as the result.

5 We think a mere statement of the rules of law involved in the question of proximate cause as applied to the evidence we have detailed demonstrates that the trial court should have stayed in the beaten path in submitting the issue of proximate cause. This is evident because had he done so the defendant could have requested a charge or charges defining the term. As it was he was denied this right.

Also the evidence we have detailed shows that in defining proximate cause it would have been necessary to use the phrase *new and independent cause,* or a phrase of similar import, and this being true, defendant would have been entitled to a charge defining *new and independent cause.* He was deprived of this by the way the case was submitted. New and independent cause was in the case because of the circumstance of Tips passing the other car just before the collision with the events attendant upon such passing.

Also the question of whether the Refining Company ought to have foreseen the accident and its resultant injuries was raised by the evidence in this record. The charge as submitted was calculated to eliminate such question.

Finally the issue of causation was submitted in the disjunctive and we are unable to say from the jury's answers whether they found that the negligence of the Refining Company directly caused Tips' injuries, or whether they found that such negligence merely in some way contributed thereto.

In the case of Commercial Standard Ins. Co. v. Caster, 125 Texas, 48, Opinion of Court of Civil Appeals reported at 59 S. W. (2d) 931, we condemned a charge where the issue of causation was submitted by using the term "directly cause" in place of *proximate cause.* The charge in the instant case is calculated to be more harmful than the charge in the Caster case because the instant charge permitted a finding on causation against the defendant if the jury believed the negligence of the defendant merely contributed in some way to the plaintiff's injuries.

6 On the matter of burden of proof the trial court instructed the jury that the burden of proof was on Tips as to certain questions and on the Refining Company as to certain other questions. We do not hold that such charge constituted reversible error, but it certainly could have some tendency to indicate to the jury the effect of its answers. The better way to submit special issues is to so frame each question that it will indicate its own burden of proof. Federal Surety Co. v. Smith (Com. App.), 41 S. W. (2d) 210.

In view of the fact that this case must be retried there is another matter that we deem it expedient to call attention to in order to guard against another reversal. In his instruction preliminary to the questions submitted, the trial court charged the jury as follows:

"You are further instructed that you must not obtain nor receive, and in arriving at your verdict and in your deliberations thereon, you must not discuss nor take into consideration, any evidence not introduced and admitted upon the trial, nor any matters other than the charges given you by the Court, the evidence introduced and admitted upon the trial, *and matters of common and general knowledge;* and you are specially instructed and warned that you must not discuss, refer to, nor take into consideration attorneys's fees in estimating damages, if any." (Italics ours).

7 It will be noted that this charge directly and affirmatively told the jury that in addition to the evidence they might consider matters outside the evidence *"of common and general knowledge."* We think this portion of the charge was error. It was on the weight of the evidence, was argumentative, and calculated to mislead the jury because they were not presumed to know what in law constituted *"common and general knowledge."*

The judgments of the Court of Civil Appeals and district court are both reversed and the cause is remanded to the district court for a new trial.

Opinion adopted by the Supreme Court April 10, 1935.