## TYRECO REFINING CO. v. COOK et al.

### No. 5711.

Court of Civil Appeals of Texas. Texarkana.

Feb. 27, 1941.

Rehearing Denied March 20, 1941.

Pollard & Lawrence and William S. Reeves, all of Tyler, for plaintiff in error.

Lasseter, Simpson, Spruiell & Lowry, of Tyler, Kyle Vick, of Waco, and Geo. W. Barcus, of Austin, for defendants in error.

WILLIAMS, Justice.

Tyreco Refining Company, a defendant below, appeals from a judgment recovered by C. R. Cook for personal injuries sustained by him in an explosion which occurred on plaintiff in error's premises. This company will be referred to as appellant. Cook's allegations for cause of action against appellant and the other defendant, Waco Oil Company, and of appellant's cross-action over and against Waco Oil Company are the same as detailed in Tyreco Refining Co. v. Cook, Tex.Civ.App., 110 S.W.2d 219. Certain alleged res gestae declarations discussed in the above opinion were admitted in evidence upon this second trial. With this additional testimony, the evidence is virtually the same as detailed in the former opinion. The special issues submitted to the jury, the verbiage of the charge and of each issue, and the jury's findings are the same. Waco Oil Company was exonerated of negligence, and no assignment attacks such disposition. Appeal has been perfect-

ed by writ of error. No motion for new trial was filed. Appellant's assignments of error are predicated upon the refusal of the court to give an instructed verdict to find for appellant; and upon certain exceptions to the court's charge.

■ Under the first six propositions, appellant contends here, as in the former appeal, that there was no evidence of general or specific negligence on its part which proximately caused the injuries, and no evidence to warrant the submission of the. special issues Nos. 2, 3, 4 and 5. The nature of these issues is disclosed in the former opinion. The matter thus presented under above propositions were duly considered, discussed and concluded adversely to appellant in the former appeal. This record being in all respects substantially the same, the conclusion then reached became the law of this case. Bower v. Yellow Cab Co., Tex.Civ.App., 35 S.W.2d 519, and authorities there cited.

The court defined proximate cause, namely:

" 'Proximate cause,' as that term is used in this charge, means the moving and efficient cause, unbroken by any new and independent cause, without which the injury in question would not have happened. An act or omission becomes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in question, and one that ought to have been reasonably foreseen by a person of ordinary care and prudence, in the light of the attending circumstances. It need not be the sole cause, but it must be a concurring cause, which contributed to the production of the result in question, and but for which the said result would not have occurred.

"By the term. 'new and independent cause,' as used in this charge, is meant the act or omission of a separate and independent agency which destroys the causal connection between the negligent act or acts, or omission or omissions complained of, and the injuries alleged to have been sustained, and thereby becomes in itself the immediate cause of the injuries."

■ Under the seventh proposition, appellant asserts that the court committed reversible error in the above definition of "new and independent cause," in that the court over the objection and exception of defendant failed and refused to instruct the jury "that where an independent cause follows a negligent act, to connect the subsequent result with the original cause, such independent and controlling cause must be such that a person of ordinary prudence should have anticipated the same in the light of the attending circumstances." In considering the merits of this proposition, it is to be borne in mind that the jury found that McNair did not strike a match at the time of the explosion. This was the only act, either in pleading or evidence, that appellant contended constituted a "new and independent cause." If it be conceded that such jury finding did not render harmless the failure to include the element of "foreseeableness" as complained of, nevertheless this proposition is overruled. When definition of "new and independent cause" is read in connection with the definition of proximate cause of which it is a part, and both instructions are construed as a whole, the element of "foreseeableness," complained of as being omitted, appears to be present in the definition as given. St. Louis S. W. Ry. Co. v. Lowry, Tex.Civ. App., 119 S.W.2d 130, 135. The instruction here attacked is in the language of the definition of "new and independent cause" as stated in Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60, 61, reaffirmed in Young v. Massey, 128 Tex. 638, 101 S.W.2d 809. See, also, Vilbig & Co. v. Lucas, Tex.Civ.App., 23 S.W.2d 516, 520.

■ Under the ninth proposition appellant asserts that the court erred in permitting the jury to take into consideration in assessing the damages the nature and extent of the injuries, and any mental or physical pain or anguish suffered by Cook on account thereof, for the reason that the same permitted a double recovery. Issue No. 16 reads: "What amount of money, if any, if paid now, would reasonably and fairly compensate plaintiff, C. R. Cook, for the injuries and damages, if any he has sustained to his person as the direct and proximate result of the burns and injuries, if any, sustained by him on the occasion in question?" In connection with this question, the court instructed the jury that, "You may take into consideration the nature and extent of the injuries sustained to his person, and any mental or physical pain and anguish, if any, suffered by him on account thereof, * * * You will answer this question in dollars and cents, if any, as you may find." In Gulf,

C. & S. Ry. Co. v. Brown, 16 Tex.Civ. App. 93, 40 S.W. 608, 614, that court, in consideration of a similar proposition as here presented, said: "It was not improper for the court to inform the jury what items of damages they might consider, and this would not be allowing a double recovery, after telling them in general terms to find damages for injuries caused." As stated in Industrial Lbr. Co. v. Bivens, 47 Tex.Civ.App. 396, 105 S.W. 831, 835: "It is * * * apparent that they are so submitted by the charge that no one of the grounds overlaps the others so as to allow a finding of double damages * * *." See, also, International & G. N. Ry. Co. v. Wray, 43 Tex.Civ.App. 380, 96 S.W. 74, 75; Sprague v. Hubert, Tex.Civ.App., 77 S.W.2d 738, 741.

Appellant's eighth and tenth propositions are unsupported by any assignment of error, and present no fundamental error.

The judgment of the trial court is affirmed.