D. C. TEER et ux., Appellants,

v.

J. WEINGARTEN, INC., Appellee.

No. 88.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 20, 1968.

Rehearing Denied April 17, 1968.

James E. Knox, Oscar Nipper, Nipper & Knox, Houston, for appellant.

Vincent W. Rehmet, Barrow, Bland & Rehmet, Houston, for appellee.

TUNKS, Chief Justice.

In this case, the plaintiffs, D. C. Teer and his wife, seek a recovery for damages for personal injuries sustained by Mrs. Teer while she was an invitee, on September 5, 1963, in a store of the defendant, J. Weingarten, Inc. The parties will sometimes be designated plaintiff and defendant, as in the trial court.

The evidence showed that, on the occasion in question, Mrs. Teer was on defendant's premises, a supermarket, for the purpose of buying groceries. Her status as an invitee and the corresponding duty of the defendant to keep its premises in a reasonably safe condition are not in dispute.

The defendant, in keeping with the usual practice of such establishment, generally displayed its merchandise in long racks or cases arranged parallel to each other and with passageways or aisles about eight feet wide between them. These display racks (called gondolas by the defendant's employees) were open on both sides so that each of them made groceries available from two aisles. Carts were furnished for the use of customers. The aisles were used by the customers in pushing the carts about the shopping area and collecting items to be bought. At the end of each display rack was a vacant area also used by customers as a passageway in going from one aisle to the other.

Among the items sold by the defendant were bottled soft drinks. Some of these soft drinks were displayed, as were other grocery items, in the parallel display racks —the gondolas. Other soft drinks were placed in what was referred to as an end display. The cartons of bottled soft drinks were stacked at the end of the regular display rack in an area used by the customers in pushing carts from one aisle to the other.

On the day that Mrs. Teer was injured the defendant had one of the end displays in its store. At the end of one of the parallel racks there was a stack of cartons containing bottled drinks. Mrs. Teer was standing in one of the aisles with her back to the end display of bottled drinks and about fifteen feet from it. Another shopper in the store pushed a grocery cart into the display. One

or more of the cartons fell and the bottles broke. A piece of flying glass hit Mrs. Teer in the back of the leg inflicting a wound of such size as to require several stitches in treating it.

The case was tried to a jury to whom the trial court submitted special issues. In response to those special issues the jury found: (1) there was a soft drink display at the end of the regular display case; (2) "permitting the construction of" such display was negligence; (3) such negligence was not a proximate cause of the injury to Mrs. Teer; (4) the injury to Mrs. Teer was not due solely to the act of the shopper who pushed the cart into the display; (5) the injury was not the result of an unavoidable accident; (6) the plaintiffs were damaged in the amount of $850.00.

It is to be noted that the only finding against the plaintiffs is No. 3, the finding in response to the proximate cause issue.

Because of the fact that the other shopper pushed a shopping cart into the soft drink display, the trial court included the element of new and independent cause in its definition of proximate cause. The court also included in its definition of proximate cause, of course, the element of foreseeability, on the part of the defendant, of the event from which Mrs. Teer sustained her injury. The court then defined new and independent cause in the following language:

"By the term 'new and independent cause' as that term is used in the foregoing definition of 'proximate cause' is meant the act or omission of a separate and independent agency, which destroys the causal connection between the negligent act, if any, or omission, if any, and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury."

The plaintiffs submitted to the trial court a requested definition of new and independent cause in the following language:

"By the phrase 'new and independent cause' is meant the act of omission of a separate and independent agency, not reasonably foreseeable, which destroys the causal connection, if any, between the negligent act or omission, if any inquired about and the event and thereby becomes, in itself, the immediate cause of such injury, if any."

■ The plaintiffs' requested definition was refused and the plaintiffs duly objected. The court's action in this respect was made the basis of an assignment of error in plaintiffs' amended motion for new trial (which was overruled) and a point of error in this court. Under the evidence which we have outlined above, we cannot say, as a matter of law, that there either was or was not such a new and independent cause as to destroy the causal connection between the defendant's negligence and the plaintiff's injury. The existence of such a cause was, under the record, a question of fact to be resolved by the jury in its answer to the proximate cause issue. We thus have presented to us the question as to whether the trial court erred in its definition of new and independent cause and in the refusal of plaintiffs' tendered definition. The only significant difference between the two definitions is in the fact that in the definition requested by the plaintiff an act or omission of a separate and independent agency could not be a new and independent cause, referred to in the main definition of proximate cause, if that act or omission of the new and independent agency was *reasonably foreseeable* by the defendant. The definition submitted by the court did not include such element of non-foreseeability.

The appellee here insists that the trial court correctly defined the term "new and independent cause" because it followed the exact language (except for the insertion of the words "if any" at two places) of a suggested definition of that term as set forth in Young v. Massey, 128 Tex. 638, 101 S.W.2d 809. The opinion in Young v. Massey was written by Judge Critz, who, while on the Commission of Appeals, had written the opinion in Phoenix Refining Co. v. Tips,

125 Tex. 69, 81 S.W.2d 60. In his opinion in Young v. Massey, Judge Critz said:

"In the Tips Case we held that the term new and independent cause means 'the act or omission of a separate and independent agency, which destroys the causal connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury.' In such case we also held that the term proximate cause is generally defined as meaning 'that cause which, in natural and continuous sequence, unbroken by any new and independent cause, produces the injury, and without which the result could not have occurred."

We are of the opinion that neither in the Tips case nor in Young v. Massey was the quoted language intended as a definition of the term "new and independent cause" to be used by a trial court when the evidence indicated that the intervening force in question might have been foreseeable. In fact, in the Tips case, the court specifically said:

"A prior or remote cause cannot be made the basis of an action for damages if it does nothing more than furnish the condition or give rise to the occasion which makes the injury possible, *if such injury is the result of some other cause which reasonable minds would not have anticipated,* even though the injury would not have occurred but for such condition." (Emphasis added)

■ We think it apparent from the opinion of the Supreme Court as written by Judge Critz in Young v. Massey, that the intended language in fact was not intended as a suggested definition in those situations where the question of the foreseeability of the intervening force was raised by the evidence. It is to be noted that the quoted definition of proximate cause likewise does not include an element of foreseeability. It is too well established to require the citation of authority that the element of foreseeability must almost always be included in the trial court's definition of the term "proximate cause." If Judge Critz had intended the quoted language to be form for instructions to be used by a trial court, he certainly would have included in his definition of proximate cause the element of foreseeability.

In Tyreco Refining Co. v. Cook, 149 S.W.2d 136, err. dismd., judgment correct, the trial court had not included the element of non-foreseeability in its definition of new and independent cause. This was assigned as error. The Court of Civil Appeals first pointed out that the jury had found that the only act which could have been a new and independent cause, the striking of a match by a third party, had not occurred. The Court of Civil Appeals further said, however, that leaving out the element of non-foreseeability in the definition of new and independent cause was not error because the main definition of proximate cause covered the matter of foreseeability. Also it is to be noted that in that case, strangely enough, it was the defendant who was objecting to the omission of the element of non-foreseeability from the definition. It does not occur to us how a defendant could be harmed by such omission in the definition because such would permit the jury to consider an intervening force, a new and independent cause whether it was or was not reasonably foreseeable by the defendant. However, we do not agree with the language of that opinion. The foreseeability inquired about in the main definition of proximate cause is the capacity to foresee the cause which intervenes between the defendant's negligence and the event which is the subject matter of the lawsuit. They are two separate and distinct elements. The foreseeability of the event which is the subject matter of the lawsuit is not the same as the foreseeability of the cause which intervenes between the defendant's negligence and that event which is the subject matter of the lawsuit.

■ Many authorities on the law of torts treat the element of foreseeability as relating to the question of the defendant's duty or negligence, rather than as to causa-

tion—a limitation upon the results of his conduct for which the defendant could be held liable. Green, Proximate Cause in Texas Negligence Law, 28 Tex.L.Rev. 471, 621, 755; Harper & James, The Law of Torts, Vol. 2, p. 1134, Sec. 20.5; Prosser, Law of Torts, (3rd Ed.) p. 282, Sec. 49; 100 A.L.R.2d pp. 944–1001. However, the Texas Courts are firmly committed to the proposition that the issue of foreseeability is related to the issue of proximate cause. It is also undoubtedly true, as a matter of substantive Texas law, that an intervening cause reasonably foreseeable by the defendant, is not such a new and independent cause as to break the chain of causation between the defendant's negligence and the injury complained of to the extent of relieving the defendant of liability for such injury. City of Austin v. Schmedes, 154 Tex. 416, 279 S.W.2d 326; Phoenix Refining Co. v. Tips, supra. It should be noted that the reverse is not necessarily true. Intervention of an unforeseen cause of the plaintiff's injury does not necessarily mean that there is a new and independent cause of such a character as to constitute a superseding course which will relieve the defendant of liability. The intervening cause of the plaintiff's injury, even if unforeseeable, may be a concurring cause if the chain of causation flowing from the defendant's original negligence is continuous and unbroken. The intervening cause, if it is a concurring cause, does not break the chain of causation between the defendant's negligence and the plaintiff's injury simply because the intervening cause was unforeseeable. Robert R. Walker, Inc. v. Burgdorf, 150 Tex. 603, 244 S.W.2d 506; McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442; Bryant v. Banner Dairies, Inc., Tex. Civ.App., 255 S.W.2d 271, err. ref., n. r. e.

■ Rule 277, Texas Rules of Civil Procedure, requires that the trial court "shall submit such explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict" on the special issues submitted to them. It was in response to that requirement that the trial court submitted its definition of new and independent cause. We are of the opinion, however, that the definition submitted by the trial court was erroneous in that it omitted the important element of non-forseeability. The omission of that element in the definition was harmful to the plaintiff in that it failed to eliminate those causes, the intervention of which could reasonably have been foreseen by the defendant. Since the only jury finding adverse to the plaintiffs was the finding on proximate cause to which that erroneous definition related, it is apparent that the error may well have caused the rendition of a different judgment from that which would have been rendered had the definition been correct. We are of the opinion that because of such error the judgment of the trial court must be reversed and remanded for a new trial.

Other points of error set forth in the appellants' brief relate to the refusal of the trial court to submit certain other special issues requested by them as plaintiffs. In special issue No. 2, submitted by the trial court, without objection as to its form, the jury was asked if the defendant was negligent in "permitting the construction" of the soft drink display in the aisle at the end of a regular display case. The jury answered in the affirmative but found that such negligence was not a proximate cause of the injury to Mrs. Teer. Other issues requested by the plaintiff and refused by the trial court inquired as to whether the defendant was negligent in "permitting the display" in stacks of cartons four high and in "permitting the display" without "side guards or other protective devices." We are of the opinion that the language in special issue No. 2 was sufficiently broad to cover the subjects of the other special issues requested by the plaintiff. The trial court did not err in refusing to submit the other issues requested by plaintiffs.

The judgment of the trial court is reversed and remanded.