**JACK WILLIAMS CHEVROLET, INC.,**
**Appellant,**

v.

**James L. BENTLEY, Appellee.**

**No. 17485.**

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 8, 1974.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, and Sam J. Day and Thomas L. Farris, Fort Worth, for appellant.

John W. Herrick, Brown, Crowley, Simon & Peebles, and Anne Gardner, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The question is whether, as a matter of law, the negligence of a truck driver in proceeding to drive his vehicle after the discovery that the brakes thereon were not working properly, indeed that there was likelihood of a total brake failure, constituted a new and independent cause of a collision which resulted in injury to the plaintiff. If it should be so held there would be eliminated as a proximate cause of such collision the negligence of the defendant who was responsible for the defective condition of the brakes.

Our holding is that the action of the truck driver did not, as a matter of law, constitute a new and independent cause; that persisting as an issue of fact to be determined by the jury was the matter of whether the negligence of him who was responsible for the defective brakes constituted a proximate cause of the collision.

The jury refused to find that the negligent action of the truck driver in knowingly continuing to drive the truck with knowledge that the brakes were defective constituted the sole proximate cause of the collision. The jury found that the negligence of the defendant responsible for the defective condition of the brakes was a proximate cause of the collision (i. e., under the court's definition, a cause . . . "unbroken by any new and independent cause" which produces an event, etc., etc.).

Based on the jury's findings the trial court rendered judgment for damages against the truck driver and his employer and also against Jack Williams Chevrolet, Inc. Jack Williams Chevrolet, Inc., became the sole appellant.

We affirm that judgment.

The day prior to the collision in question the appellant's parts division had negligently supplied an improper brake cylinder to a mechanic who installed it on the truck in question. The following morning the collision occurred. The matter of negligence on the part of the mechanic is a moot question since the jury acquitted him thereof. Upon the appeal the matter of whether the appellant was negligent in supplying

the brake cylinder is also moot since for purposes of the appeal negligence is conceded. Unquestionably the truck driver was guilty of negligence amounting to a proximate cause of the collision as the jury found.

But for the question of whether the truck driver's negligence in continuing to operate the truck after experiencing brake failure constituted a new and independent cause as a matter of law there would be no question but that the negligence of the appellant amounted to a proximate cause of the collision.

The type of brake cylinder involved has "plungers" which transmit pressure of the hydraulic brake system by expansion against and upon the brake shoes, so that in a properly working brake the brake shoes by pressure upon the brake drums would create friction by which the vehicle on which the brake cylinder had been installed might be brought to a stop.

Since the brake cylinder was one for a different size or shape of brake shoe the "plungers" were more or less "creened" on the truck in question. In other words they did not thrust staight out so that there was proper pump action, but thrust out at an angle so that a strain was placed upon the washers through which they operated. This not only permitted a "binding" of the "plungers", but also would cause a distortion of the washers through which the "plunging" action should take place when there was attempt by the vehicle operator to manipulate the brakes. This was probably calculated to eventually cause a leaking of the hydraulic brake fluid or even a rupture of some part of the makeup of the cylinder whereby there might be a complete loss of the brake fluid with consequent total brake failure. All the foregoing the jury was entitled by the evidence to infer, as it probably did. Where there is sufficient loss of brake fluid in the hydraulic braking system of a vehicle there will be a total failure of the brakes.

Before the time of the collision the truck driver, in the course of making delivery of a load of sand, was driving upon an expressway in the City of Fort Worth. His intention was to drive down a ramp leading off the expressway to alight at a street called Beach Street, there to stop at a stop sign and then turn onto Beach and drive north thereon toward the point to which he intended to deliver the load of sand. However, there was a total failure of the brakes on the truck as he descended the ramp. The truck could not be stopped. The driver guided the truck so that it went across Beach Street and upon the ramp on the opposite side leading back up onto the expressway.

He drove the truck back onto the expressway and continued to another exit ramp by use of which he got back down onto the city streets. He "crippled around", as he termed it, and his brakes began to work again. Though not entirely satisfied with the way the brakes were working the driver elected to try to go on to the point of his intended delivery. He located Beach Street, where he turned and proceeded toward the north thereon for several blocks until he reached the point of an intersection where he stopped in obedience to traffic signal lights. He testified that his brakes stopped the truck without difficulty thereat. Upon a change of the signal lights he started forward, but the engine of the truck "died". He stopped when this occurred, but in the attempt to hold the truck by application of the brake pedal there was a second complete brake failure. It was later discovered that there was a rupture of the hydraulic system and that all the brake fluid had drained out underneath the truck. Precise nature of the rupture was not shown.

By reason of this second total brake failure the truck began to roll backward and downgrade. It rolled into the vehicle of the plaintiff. The force of the collision caused property damage and personal injuries to plaintiff.

Our holding is that under the foregoing state of facts the question of new and independent cause was for the jury. By construction of the jury's findings in the verdict it found against the appellant's contentions that the negligence of the truck driver in his continued operation of the truck up until the time of the collision constituted a new and independent cause thereof. On appeal appellant contends that such was a new and independent cause as a matter of law.

On the general Texas law it was written in Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352, at page 355 (1951), as follows: "Two elements or tests of proximate cause are causation and the limitation to foreseeable consequences. As to causation, it is said that if the defendant's act or omission was a substantial factor in bringing about the result, it will be regarded as a cause, and that ordinarily it will be such a substantial factor if the result would not have occurred without it. Prosser on Torts, p. 321, § 46. . ., ." Further the court wrote (at page 356) "In using foreseeableness as a test to determine proximate cause, this Court and the Courts of Civil Appeals have been careful to point out that for the defendant's negligence to be regarded as a proximate cause of the plaintiff's injury it is not necessary that the defendant should or would reasonably anticipate the very consequences or the exact nature of the plaintiff's injury or the precise manner of its infliction. It is sufficient that the defendant would reasonably have anticipated consequences or an injury of the general nature of that which ensued. (citing cases)". All of the foregoing has bearing though the question here is upon new and independent cause.

■■ An informative authority is that of Blashfield's Automobile Law and Practice (Third Edition), at Ch. 53, Sec. 53.5, "Intervening Efficient Cause". The general rule, supported by authorities, seems to be that the original negligent actor is not liable for an injury that could not have

been foreseen or reasonably anticipated as the probable consequence of his negligent act, one which would not have resulted from it had not the intervening efficient cause interrupted the natural sequence of events, turning aside their course, and itself produced the injury. It is further stated, however, that it is not true that in all cases the intervention, even of a responsible and intelligent human being, will absolutely exonerate a preceding wrongdoer; the first act of negligence may continue to be a cause of the injury concurrent with the wrongful intervening act of a third person. Under Note 60 thereunder cited (at p. 376) is found: "Pierce v. Ford Motor Co., C.A.Va., 190 F.2d 910, certiorari denied 72 S.Ct. 178, 342 U.S. 887, 96 L. Ed. 666 (under Virginia law, a cause, to be a superseding cause, must entirely supersede negligence of defendant, so that such cause alone, without defendant's negligence contributing in slightest degree thereto, in fact produced injury)." The opinion in Pierce v. Ford Motor Co. was written in 1951 by Parker, Chief Judge, and contains a rather extended discussion.

Further, from the same chapter and section in Blashfield we quote: "An intervening cause, which will interrupt or break the causal connection between the negligent act relied on as a cause of action or a defense and the injury for which suit is brought, must be one not produced by the alleged wrongful act or omission, or one which is not the natural and probable consequence of such act or omission. It must be of such a nature that it could not reasonably have been anticipated or foreseen by the actor responsible for the first cause, and it must prevent the natural and probable result of the original act or omission and produce a different result, not reasonably to be anticipated."

Likewise dealing with the general law question is 65 C.J.S. "Negligence" § 111(1), "Intervening Efficient Cause," p. 1198 et seq., and sections following. Though upon materially different factual premise the discussion of the law in Bell v.

Campbell, 434 S.W.2d 117 (Tex.Sup., 1968) is helpful.

Concededly the question would be more difficult if the circumstance was that one had entered a vehicle of another, with general permission to use the same, and before starting on an intended trip discovered that there was complete absence of brakes, but nevertheless elected to leave from what might be considered the haven from which he wished to depart and to initiate a use of the vehicle anyway. Under such hypothesis whoever might have been responsible for the defective brakes probably could not have foreseen that the permissive user would attempt to drive the vehicle from the premises in such promptly discovered defective condition. Conceivably, however, even under such hypothesized facts there might be evidence which would make that question one for the jury.

In the instant case the jury believed that the defendant should have foreseen that despite the first brake failure, when the driver of the truck thereafter, in "crippling around" with it, found that the brakes had begun to function again he might attempt to complete whatever mission he originally embarked upon. Our holding is that the matter of the defendant's ability to foresee that the truck driver might do so existed as a question of fact for jury determination. Such fact the jury did determine as a part of its verdict upon pertinent issues involving proximate cause, sole proximate cause, and new and independent cause and the court was bound to honor the finding.

■ There is some analogy of the subject considered to occasions where there is necessity to determine the question of "prior or remote cause". A prior or remote cause cannot be made the basis of an action for damages if it does nothing more than furnish the condition of giving rise to the occasion which makes the injury possible, if such injury is the result of some other cause which reasonable minds would have anticipated, even though the injury would not have occurred but for such con-

dition. Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60 (1935); cases under Texas Digest, "Negligence", ⊕60, "Remote consequences". The difference is that where existence of "new and independent cause" is the matter to be determined one is ordinarily concerned with act or omission subsequently occurring.

Judgment is affirmed.