Allene **FINLEY**, Administratrix of the Estate of John Finley, Deceased, Appellant,

v.

**U–HAUL CO. OF ARIZONA and U–Haul Co. of Texas, Appellees.**

No. 14–05–01161–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 20, 2007.

Rehearing Overruled Feb. 28, 2008.

Waverly R. Nolley, George R. Neely, Houston, for appellant.

Deborah A. Greenleaf, Jerry L. Rios, Pamela Gale Sotoodeh, Houston, for appellees.

Panel consists of Justices FOWLER, FROST, and EDELMAN.*

* Senior justice Richard H. Edelman sitting by assignment.

1. The manager of the U–Haul location from which the truck was stolen testified at a deposition that he had seen a former employee on the security tape in the area where the keys were kept on the day the keys were reported missing; and that he told a police officer that he had fired that employee for taking U–Haul vehicles after hours. However, there is no evidence in the record indicating whether that former employee had taken the missing

## OPINION

RICHARD H. EDELMAN, Senior Justice (Assigned).

In this negligence action, Allene Finley ("Finley"), Administratrix of the Estate of John Finley, deceased, appeals a summary judgment in favor of U–Haul Co. of Arizona and U–Haul Co. of Texas (collectively, "U–Haul") on the grounds that the trial court erred by: (1) granting summary judgment when there was no evidence of foreseeability before the court; (2) excluding Finley's expert witness affidavit and discovery products; and (3) denying Finley's motion for new trial. We affirm.

## Background

In 2002, while walking in a field off of a roadway, John Finley was hit and killed by a pick-up truck (the "truck") that had been stolen from a U–Haul dealership. Although the keys to the truck had been noted missing a few days earlier, the manner in which the theft took place was never determined, and no one involved in either the theft or driving the truck when it hit Finley was ever identified.[1]

Finley filed suit against U–Haul, essentially alleging that it had been negligent in failing to adequately secure the truck and the keys to it.[2] As relevant to our disposition, U–Haul filed a traditional motion for summary judgment, arguing, among other things, that the element of duty was negated by the lack of foreseeability as a matter

keys or been involved in the theft of the truck or the incident involving John Finley.

2. The manager of the U–Haul location from which the truck was taken stated in an affidavit that: (1) the truck had been locked and parked in front of the store at closing on the preceding day; (2) there was only one set of keys to each rental vehicle at that location at that time; and (3) keys to rental vehicles were generally kept behind the counter during business hours and locked in a safe after hours. This evidence was uncontroverted.

of law. The trial court granted U–Haul a summary judgment against all of Finley's claims.

## Standard of Review

A traditional summary judgment may be granted if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). In reviewing a summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006).

## Foreseeability

Finley's first issue challenges the summary judgment on the ground that U–Haul failed to offer summary judgment evidence on the issue of foreseeability.

■■■ To prevail on a claim for negligence, a party must establish, among other things, the existence of a duty, which is a question of law and a threshold issue, such that liability cannot be imposed if duty does not exist. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex.2006). Of the factors relevant to determining whether a duty exists,[3] the foreseeability of the risk is the foremost and dominant consideration. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 360 (Tex.1995). Foreseeability requires only that the general danger, and not the exact sequence of events that produced the harm, be foreseeable. *Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 655 (Tex.1999). However, along with the general danger, it must also be foreseeable that the particular plaintiff, or someone similarly situated, would be harmed by that danger. *Id.* As applied to the criminal act of a third-party, this requires us to determine if the general danger of the criminal act was foreseeable, and then whether it was foreseeable that the injured party, or one similarly situated, would be the victim of that criminal act.[4] *Id.* at 656–57.[5]

■■■ In this case, because no information exists as to how or by whom the truck

3. Those factors include: the risk, the foreseeability, the likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *Mission Petroleum Carriers, Inc. v. Solomon*, 106 S.W.3d 705, 710 (Tex.2003).

4. To allow liability without requiring such a connection between the property owner and either the victim or perpetrator of the crime would place a duty on property owners to prevent criminal acts with their property simply because criminals could gain access to the property, and would thereby make property owners insurers of crime victims. *See Mellon*, 5 S.W.3d at 658.

5. Even where keys have been left in the ignition of a vehicle, Texas court decisions (albeit mostly older ones) have varied in their conclusions on the foreseeability of injury to a third-party occurring after the theft of the vehicle. *See e.g. Story Servs., Inc. v. Ramirez*, 863 S.W.2d 491, 497–98 (Tex.App.-El Paso 1993, writ denied)(finding sufficient evidence for negligence but not for proximate cause); *Stephens v. Crowder Invs., Inc.*, 841 S.W.2d 947, 948 (Tex.App.-Waco 1992, no writ)(remanding case to the trial court to review the foreseeability of a funeral home's vehicle stolen by a 12 year old, with the keys left in the ignition, in light of no evidence of the level of crime in the area); *Simmons v. Flores*, 838 S.W.2d 287 (Tex.App.-Texarkana 1992, writ denied)(finding no foreseeability even though the keys had been left in the car in front of a laundry facility); *Finnigan v. Blanco County*, 670 S.W.2d 313, 317 (Tex.App.-Austin 1984, no writ)(finding the escape and subsequent injury of a third party foreseeable where an officer parked his running patrol car in the "yard" where an inmate could simply get in and drive away); *Batko v. Mecca Invs. Co.*, 642 S.W.2d 41 (Tex.App.-Eastland 1982, no writ)(affirming liability against the defendant where his inebriated passenger, with a history

was stolen, and, thus, what act or omission by U–Haul, if any, could have enabled it to occur, or prevented it from occurring, it cannot be determined or inferred whether the theft of the truck was a result at all, let alone a reasonably foreseeable result, of any such unknown conduct. In addition, nothing in the summary judgment record suggests that U–Haul could have reasonably foreseen that its truck would be used to hit someone walking in a field in any event.[6] Therefore, even if a general danger of a criminal act was foreseeable (which we do not address), and even if any conduct by U–Haul could have created a risk of harm (which cannot be known), U–Haul owed no legal duty to John Finley because he was not so situated with relation to the wrongful act that his injury and death might have been foreseen. *See Mellon*, 5 S.W.3d at 658. Therefore, we overrule Finley's first issue, and because this conclusion is also dispositive of the other issues in the appeal,[7] we need not address them. Accordingly, the judgment of the trial court is affirmed.

of playing practical jokes, was left unattended in a running vehicle and subsequently caused damage); *Bicknell v. Lloyd*, 635 S.W.2d 150 (Tex.App.-Houston [1st Dist.] 1982, no writ)(finding the risk of injury foreseeable to an owner, who left the keys in his three wheeler despite previous occasions where youths would go for joy rides); *McKinney v. Chambers*, 347 S.W.2d 30 (Tex.Civ.App.-Texarkana 1961, no writ)(finding as a matter of law, that an owner could not have reasonably foreseen the theft and subsequent injury to a third party even though he left the keys in an unattended vehicle); *Parker & Parker Constr. Co., v. Morris*, 346 S.W.2d 922, 923–26 (Tex. Civ.App.-El Paso 1961, writ. ref'd n.r.e.).

6. *See Mellon*, 5 S.W.3d at 658 (stating that nothing in the summary judgment record suggests that Mellon could have reasonably fore-

seen that its parking garage would be picked by the perpetrator as the scene of his crime if Mellon did not secure the garage).

7. Finley's other issues pertain to the trial court's exclusion of her summary judgment evidence and the denial of her motion for new trial. Because neither the excluded summary judgment evidence nor the motion for new trial bear on the lack of foreseeability that John Finley or someone similarly situated, would be the victim of the criminal act that occurred, and because this lack of foreseeability precludes a finding of duty, the issues on the excluded summary judgment evidence and motion for new trial cannot affect our disposition. Similarly, because Finley's claims for gross negligence and respondeat superior do not survive our finding of no duty, they, too, need not be addressed.