**Dismissed in Part, Affirmed in Part, and Majority and Dissenting Opinions filed July 18, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00575-CV

---

**GRACIE NGUYEN; PATRICK SANCHEZ; TAMARA AND DERRICK O'NEAL, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF DE'ANDRE TATUM, DECEASED; ERICA D. HALL; CURTISHA DAVIS; ARTHUR ZAMARRIPA, AS NEXT FRIEND OF A.Z.; AND WLLLAM JOSMA, Appellants**

**V.**

**SXSW HOLDINGS, INC.; SXSW LLC; PATRICK LOWE; TRANSPORTATION DESIGN CONSULTANTS; AND THE CITY OF AUSTIN, Appellees**

---

**On Appeal from the 261st District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-17-002229**

---

## D I S S E N T I N G   O P I N I O N

The majority answers the wrong question, ignores recently reiterated and foundational principles of tort law, and elevates criminal conduct to a superseding

cause which purportedly absolves unreasonably negligent actors of liability. This line of reasoning wrongly relegates victims of crimes to a newly created second-class status as plaintiffs even when the specific types of underlying harm caused by defendants' breach of duty were actually foreseen. This seemingly unprecedented relegation is plainly inconsistent with time-tested basics of tort law and is unquestionably unworthy of appellate approval.

## A. Duty

The majority incorrectly concludes the SXSW Appellees and Transportation Design did not owe Appellants a duty (because Owens' criminal actions were unforeseeable) by erroneously analyzing clearly established and controlling Texas jurisprudence concerning negligence. Whether defendants owed plaintiffs a duty under the particular facts of a case are questions of law for the court to decide. *See generally Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 289 (Tex. 1996). When determining whether a common-law duty is owed, Texas courts apply the risk-utility test. *See Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 736 (Tex. 1998) (identifying the factors of the test); *see also id*. at 289-90 (same). This test requires courts to balance a set of three distinct variables against a separate set of three distinct variables. Specifically, courts must balance (A) the risk, foreseeability, and likelihood of injury against (B) the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing this burden on the defendant. *Read*, 990 S.W.2d at 736; *see also Nabors Drilling, U.S.A., Inc. v. Escoto,* 288 S.W.3d 401, 405 (Tex. 2009).

### 1. Risk

The risk herein was significant insofar as unimpeded vehicles striking invitee-pedestrians walking on roadways predictably resulted in grievous injury

2

and death.

## 2. Likelihood of injury

The likelihood of injury herein was significant insofar as pedestrians were predictably and designedly walking on roads otherwise largely reserved for sizable motor vehicles capable of traveling at substantial rates of speed; therefore, it was likely such unimpeded vehicles on said roadways would cause grievous injury or death to invitee-pedestrians gathering thereon.

## 3. Foreseeability

Foreseeability is, time and again, the single most important variable of the six. *See City of Waco v. Kirwan,* 298 S.W.3d 618, 624 (Tex. 2009); *see also Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002). Texas law has "long recognized that what must be foreseeable is not the exact sequence of events that produces the criminal conduct, but only the general danger." *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999) (plurality op.) (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996) and *Lofton v. Tex. Brine Corp.*, 777 S.W.2d 384, 387 (Tex. 1989)); *see also Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1985); *cf. Finley v. U-Haul Co. of Ariz.*, 246 S.W.3d 185, 187 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Allen v. Connolly*, 158 S.W.3d 61, 66 (Tex. App.—Houston [14th Dist.] 2005, no pet.); and *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (foreseeability "does not require a person to anticipate the precise manner in which injury will occur once he has created a dangerous situation through his negligence") Here, the general danger was one of grievous bodily harm or death caused by unimpeded vehicles traveling along roads where invitee-pedestrians were gathering by design despite the established fact that emails between the Appellees conclusively showed that they were aware of the increased risks of death

3

or injury; I simply cannot support the majority's implicit conclusion that the harms herein were unforeseeable as a matter of law despite the fact that evidence tends to show that Appellees themselves actually foresaw them.

The Texas Supreme Court has very recently reaffirmed long held precedent underpinning the inherently basic concept of foreseeability in negligence actions:

> Foreseeability does not necessarily equate to predictability. Rather, "foreseeability" means that the actor should have reasonably anticipated the dangers that his negligent conduct created for others. It does not require that a person anticipate the precise manner in which injury will occur once he has created a dangerous situation through his negligence. It requires only that the general danger, not the exact sequence of events that produced the harm, be foreseeable. Accordingly, the plaintiff need not always show that his particular injury has occurred before in order to create a fact question on foreseeability.

*Univ. of Tex. MD Anderson Cancer Ctr. v. McKenzie*, No. 17-0730, 2019 WL 2710037, at *9 (Tex. June 28, 2019) (internal citations omitted).

Therefore, the SXSW Appellees' and Transportation Design's insistence (and the majority's adoption thereof) that Owens' *criminal* conduct was unforeseeable is inapposite to all relevant legal analyses according to an unbroken line of binding precedent. Instead, the controlling queries are whether (1) the *injury* is of a general character that might reasonably have been anticipated and (2) the injured party is situated in relation to the wrongful act so that *injury* (as opposed to the exact cause of said injury) to the party or to one similarly situated might reasonably have been foreseen. *Mellon Mortg. Co.*, 5 S.W.3d at 655. I believe the answer to both of these questions is an undeniable "yes".

The invitee-pedestrians at issue were grievously injured (and some killed) by a moving vehicle while walking on an ostensibly safe roadway otherwise reserved almost exclusively for vehicles. Extensive operations were undertaken to prepare

4

downtown Austin for the 2014 SXSW festival, including the preparation and implementation of a traffic control plan designating the closure of certain downtown streets. But despite these preparations and purported closures, the SXSW Appellees and Transportation Design failed to place *any* barriers between the designated pedestrian walkways and the open fire lane which were capable of impeding the foreseeable movement of vehicles that would normally travel on Austin's connecting streets. At worst, evidence presented to the trial court below creates a fact question (when read in the light most favorable to the nonmovant) as to whether Appellees actually foresaw the injury that occurred. I reject the majority's novel conclusion that victims of third-party criminal car chases are precluded from prevailing in negligence actions where similarly-situated victims of third-party negligence can succeed (*e.g.,* non-criminal conduct of drivers in medical distress or mechanical failure of vehicles).

### 4. Social utility of the actor's conduct

The record does not contain any evidence tending to establish any social utility associated with the SXSW Appellees' and Transportation Design's failure to place appropriate barriers capable of impeding foreseeable movement of vehicles to permit reasonably safe pedestrian traffic.

### 5. The magnitude of the burden of guarding against the injury

The record reveals the magnitude of the burden of guarding against the injuries sustained herein was minimal. The SXSW Appellees and Transportation Design actively discussed appropriate traffic control measures to implement on roads only partially closed to vehicular traffic and contemplated the use of water-filled barriers. Common sense dictates that such barriers are relatively light-weight, mobile, and effective. There is neither evidence nor argument tending to establish the magnitude of the SXSW Appellees' and Transportation Design's

burden is in any way favorable to their position that they have no duty under Texas law.

### 6.     The consequences of placing this burden on Appellees

The SXSW Appellees and Transportation Design did not present any fact or argument tending to establish the consequences of holding they had a duty to prevent errant vehicles from striking pedestrians designedly walking in roadways. Therefore, there are no consequential consequences of placing this burden on Appellees herein (and similarly-situated parties).

*          *          *

After independently analyzing each of these six variables, none of them tend to establish the absence of a relevant duty. Instead, at least five of the six (importantly including foreseeability) favor the recognition of a duty. Finding there is simply no balance to be had, the SXSW Appellees and Transportation Design had an inescapable duty under the risk-utility test to impede the movement of vehicles on roadways where invitee-pedestrians were designedly gathering.

### B.     Superseding Cause

The SXSW Appellees and Transportation Design also argue they cannot be liable due to Owens' criminal acts. I interpret Appellees' argument to implicitly invoke the "new and independent cause" doctrine; such a cause "is one that intervenes between the original wrong and the final injury such that the injury is attributed to the new cause rather than the first and more remote cause." *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 450 (Tex. 2006) (citing *Robert R. Walker, Inc. v. Burgdorf*, 244 S.W.2d 506, 509 (Tex. 1951) and *Phoenix Ref. Co. v. Tips*, 81 S.W.2d 60, 61 (Tex. [Comm'n Op.] 1935)). This doctrine cannot be implicated (much less analyzed) except where there is an "original wrong",

6

"cause", and "injury". *See id.* As a result, the new and independent cause doctrine does not (and cannot) displace a rudimentary negligence analysis.

After first concluding plaintiffs below introduced proof tending to establish duty, breach, causation, and damage, we should then (and only then) examine whether a superseding cause exists. *See id*. (citing *Robert R. Walker, Inc.*, 244 S.W.2d at 509 and *Phoenix Ref. Co.*, 81 S.W.2d at 61)*.* "What generally distinguishes a superseding cause from one that merely concurs in the injury is that the intervening force was not only unforeseeable, but its consequences also unexpected[.]" *Id*. at 451. Specifically,

> [A] superseding cause is one that alters the natural sequence of events and produces results that would not otherwise have occurred. Or one that is "of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant." An intervening force will not break a causal connection if that force was itself probable or foreseeable by the original wrongdoer. It must be one not brought into operation by the original wrongful act and must operate entirely independently of such original act.

*Id*. (quoting 1 J.D. Lee & Barry A. Lindahl, Modern Tort Law § 4:7 at 4-14 - 4-15 (2d ed. 2002) (footnotes and citations omitted)). Here, (1) the force itself was probable or foreseeable and (2) the consequences thereof (grievous injury and death) were not unexpected.

Therefore, Owens' conduct cannot be a superseding cause as a matter of controlling law because the consequences were not unexpected. The majority's conclusion ignores the fact that Appellants' injuries herein would have occurred as a result of the SXSW Appellees' and Transportation Design's failure to act via *any* unimpeded vehicle traveling on the roadways in question at a significant speed (for *any* non-criminal reason, *e.g.,* confused drivers, mechanical failure, and drivers

7

experiencing medical distress).

The presence of vehicles on the roadways in question was actually foreseen by the SXSW Appellees and Transportation Design as evidenced by email correspondence addressing the use of certain barriers to protect pedestrians walking *on these exact roadways*. The fact these Appellees actually foresaw the danger associated with unimpeded vehicles traveling along these precise roads during SXSW directly precludes the propriety of concluding that an unimpeded vehicle causing Appellants' injuries was unforeseeable.

Even if the majority incorrectly displaced a negligence analysis with a superseding cause analysis and/or concluded cars traveling along these roadways were unforeseeable, Owens' conduct is still incapable of becoming a superseding cause because the harms inflicted thereby were the same type as those said Appellees (those with the relevant duty) "generally contemplated". Applying this precept in *Phan Son Van v. Pena*, 990 S.W.2d 751 (Tex. 1999), the Texas Supreme Court examined whether the defendant convenience store and its owner could be held liable for negligently selling alcohol to underage gang members who went on to assault and kill two teenage girls. Concluding the harm inflicted by the gang members was "different in kind" from that generally contemplated by the duty to not furnish alcohol to minors, the Court noted:

> It is foreseeable, for example, that the sale of alcohol to a minor will result in the minor driving while intoxicated and either causing injury or being injured. On the other hand, the intentional sexual assault and brutal murder of two teenage girls who happen upon a gang initiation some distance in time and location from the illegal sale of alcohol is not the type of harm that would ordinarily result from such a sale.

*Id*. at 755.

Unlike the circumstances in *Phan*, Owens' ability to maneuver his vehicle

without obstruction onto roadways where pedestrians were invited to gather was a normal and expected consequence of the SXSW Appellees' and Transportation Design's failure to use appropriate barriers to protect roadways designated solely for pedestrian traffic from vehicular incursion. *See id.* at 755-56 ("The violent sexual assaults and murders committed by the gang members when the girls, by chance, stumbled upon their initiation ritual were certainly an 'extraordinary' rather than 'normal' consequence of Phan's alleged illegal sale of alcohol.") (citing *Donnell v. Spring Sports, Inc.*, 920 S.W.2d 378, 385 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (affirming summary judgment for the defendant on the ground that small scuffles at a softball park after participants consumed alcohol may be foreseeable, but the "ferocity of this fight and the severity of [the plaintiff's] injuries were extraordinary" and not foreseeable as a matter of law); and *Yarborough v. Erway*, 705 S.W.2d 198, 203-04 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (holding the third party's sudden violent criminal acts were an unforeseeable consequence of a bar's alleged negligence in serving the intoxicated assailant)). Similarly, the injuries here were physical injuries sustained by invitee-pedestrians walking on a roadway after they were struck by an unimpeded vehicle traveling at a significant rate of speed.

Finally, controlling precedent holds that the threshold (and often controlling) inquiry when distinguishing between a concurring and a superseding cause remains "whether the intervening cause and its probable consequences were such as could reasonably have been anticipated by the original wrongdoer." *Bell v. Campbell*, 434 S.W.2d 117, 120 (Tex. 1968). The injuries and deaths for which Appellants seek to recover were an expected and reasonably anticipated result of the alleged failure to use appropriate barriers to protect pedestrian zones from vehicular traffic traveling along Austin's adjoining thoroughfares (and were foreseeable without

9

foreseeing Owens' precise criminal conduct). It is well-settled in Texas that a defendant who seeks to negate foreseeability on summary judgment must prove more than the intervening third-party criminal conduct occurred; the defendant also has the burden to prove that the conduct was not foreseeable. *Phan*, 990 S.W.2d at 754. Appellees here cannot do so because they actually foresaw the precise need they refused to address.

### C. *Timberwalk* (and *Del Lago)* are inapposite

The majority analyzes *Timberwalk* and *Del Lago* and concludes Owens' criminal conduct must be a superseding cause without first analyzing whether there was duty, breach, causation, and damage; instead, it rushes to a conclusory finding that because Owens' actions were criminal they must be a superseding cause and the only source of liability. *Timberwalk* reiterates the clearly established rule that, "Foreseeability requires only that the general danger, not the exact sequence of events that produced the harm, be foreseeable." *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998) (citing *Walker,* 924 S.W.2d at 377 and 2 Fowler V. Harper & Fleming James, Jr., The Law of Torts § 20.5(6) at 1147 (1956) ("Foreseeability does not mean that the precise hazard or the exact consequences which were encountered should have been foreseen.")). In *Timberwalk*, the "general danger" was sexual assault (an inherently criminal and *malum in se* act). Even the majority quotes *Timberwalk*'s statement that "when the general danger *is the risk of harm from criminal activity*, foreseeability must be proven with evidence of 'specific previous crimes near the premises.'" *Id.* (emphasis added). There, the Court properly analyzed the question presented and provided a framework to determine when comparable criminal conduct is foreseeable. Here, the general danger is the risk of these types of injuries from any runaway vehicles for any reason; this was not only foreseeable, but emails

evidence Appellees *actually foresaw it*. Based thereon, these types of harms were foreseeable and that Appellees had an affirmative duty to protect Appellants from these injuries. This foreseeability forecloses the propriety of examining the *Timberwalk* factors concerning exclusively criminal and *malum in se* activity.

The majority's reliance on *Timberwalk* yields yet an additional absurdity I cannot support. Specifically, the conclusion that *Timberwalk* controls under these facts permits trial courts to infer they would act within their discretion if they concluded comparable conduct was unforeseeable at next year's festival (six years after the harms herein) because Owens' conduct occurred more than four years ago. *See* Maj. Op. at Part V.A.iii. This misapplication of the *Timberwalk* framework to general harms caused by conduct that is not inherently criminal improperly short-circuits and supplants clearly established negligence analyses.

Unlike in *Timberwalk* or *Del Lago*, Appellants' prevailing argument here is not that Owens' criminal acts were foreseeable, but rather that their *injuries* were foreseeable. Because the Texas Supreme Court provided no indication that it intended for its analysis in *Timberwalk* to replace fundamental tenets of negligence jurisprudence (and the implications of concluding otherwise), courts should not proceed to *Timberwalk* without first conducting a risk-utility analysis (including foreseeability). Having concluded the harm herein was foreseeable, no authority asks (much less requires) us to close our eyes to already ascertained and controlling conclusions of law.

## CONCLUSION

It is clear from the evidence that Appellants presented that the SXSW Appellees and Transportation Design failed to comport with their duty imposed by the risk-utility test and that their conduct was, at the bare minimum, a proximate cause of Appellants' damages. It is also clear that Owens' conduct was a

11

proximate cause of Appellants' damages, but Owens' actions do not automatically vitiate any liability the SWSW Appellees and Transportation Design may have incurred as a result of their own actions. The Appellees' briefs establish that Owens was a responsible third party but fail to establish that the SXSW Appellees and Transportation Design are wholly blameless. The foreseeability of Appellants' general harms forecloses both (1) the possibility said harms were unforeseeable and (2) the propriety of conducting an additional analysis in an attempt to obfuscate (if not obliterate) judicial discernment of said foreseeability. The majority's analysis is dependent upon a misapplication (and impermissible alteration) of tort law basics and improperly wields third-party criminal acts as a judicial guillotine through which Texas plaintiffs are prevented from prevailing against negligent defendants as a matter of law (even when evidence tends to prove defendants actually foresaw both the relevant harms and the need to protect people therefrom). The majority errs by refusing to let a jury consider the relative liability of the actors in this circumstance. Due to the fundamental error involved in the majority's creation of new law to the detriment of clearly established law, the plainly unjust ramifications thereof, and the unquantifiable harms caused thereby, I am obliged to dissent.

/s/    Meagan Hassan
Justice

Panel consists of Justices Christopher, Zimmerer and Hassan (Christopher, J., majority).

12